OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Defendant’s inadvertent release from custody prior to service of his full sentence does not divest the courts of jurisdiction to order his reincarceration. A violation of CPL 430.10, which prohibits change, suspension or interruption of a legally imposed sentence once it has commenced, is remedied by computing the defendant’s remaining term on the basis of his original sentence and date of imprisonment and by granting him credit for both such time as he has already served and such time as is attributable to the authorities’ error in releasing him (see People ex rel. Reynolds v Martin, 3 NY2d 217, 223; People ex rel. Rainone v Murphy, 1 NY2d 367). While, in certain cases, a court may, as a matter of due process, lose jurisdiction over a defendant either because his sentence has been interrupted for a lengthy period or because he has otherwise been subjected to significant prejudice (cf. People ex rel. Harty v Fay, 10 NY2d 374), under the circumstances here it was not unreasonable as a matter of law to require service of the balance of the one-year sentence.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order affirmed in a memorandum.