THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ESTEBAN MINAYA, Defendant-Appellant.

First Department, January 15, 1981

### APPEARANCES OF COUNSEL

*Miriam J. Hibel* of counsel *(William E. Hellerstein,* attorney), for defendant-appellant.

*Howard Birnbach* of counsel *(Alan D. Marrus* with him on the brief; *Mario Merola, District Attorney,* attorney), for respondent.

### OPINION OF THE COURT

BIRNS, J.

The issue before us can be stated simply: in the circumstances of the plea and sentence was it permissible for the court, after defendant had begun his sentence, to increase the term of an indeterminate sentence providing for a maximum of three years to an indeterminate sentence providing for a maximum term of eight years? The answer is no.

Defendant pleaded guilty to the crime of attempted robbery in the first degree upon the understanding that the prison term to be imposed would be an indeterminate term with a maximum of eight years. At the time of sentence on February 13, 1979 the court declared it would follow the plea bargain. After hearing the District Attorney and defense counsel, the court imposed an indeterminate sentence upon defendant, with a maximum of three years. The sentence was so noted in the stenographic minutes and other pertinent documents in the record. At the conclusion of the sentence proceeding, defendant was committed to the custody of the State Department of Correction for the purpose of serving the sentence.

The record shows that the District Attorney had originally asked that a term of three and a third to ten years should be imposed. At sentence, however, the District Attorney failed to make any objection or protest to the maximum term of three years. Some months later, realizing there was a discrepancy between the negotiated plea and the sentence imposed,[1] the District Attorney on May 22, 1979 moved the sentencing court to resettle the record, specifically to correct the stenographic minutes, the "Sentence and Commitment Order" and "Endorsement Sheet" and to resentence defendant in accord with the plea bargain.

On July 16, 1979, an informal hearing was conducted by the sentencing court[2] in an effort to ascertain or recall the reason the lesser sentence was imposed, rather than the negotiated indeterminate eight-year term. It was established that at sentence, the court had initialled the "Endorsement Sheet" which recited the imposition of a three-

1. Some time after February 13, 1979, the District Attorney learned of this discrepancy, when in the course of negotiating a plea with a codefendant, the District Attorney was informed by the codefendant's counsel of defendant's sentence with a three-year maximum, and counsel argued that his client was entitled to the same. Defendant was already in State's prison.

2. On June 14, 1979, an evidentiary hearing on the People's motion was ordered by Justice MURRAY KOENIG. Due to his illness, the matter was transferred to Justice JOHN J. REILLY. On July 16, 1979, Justice REILLY denied the motion to correct the record, "inasmuch as such change would be tantamount to sentencing the defendant, and would be outside the jurisdiction of this Court." He remanded the matter to Justice LOGUEN, who had sentenced defendant originally.

year term. The court clerk stated he made a note on the calendar on day of sentence "States Prison, maximum of three years". The sentencing Judge had no independent recollection of the actual sentence. He did, however; locate personal notes made at the time on his copy of the sentence calendar, which reflected the imposition of an eight-year term. In addition, the District Attorney produced a record of his office indicating defendant was sentenced to "0-8 yrs." Further, the District Attorney asserted that the Probation Department records contained a notation that defendant expected to be sentenced to a term of "0 to eight".

At the end of the hearing, the court resentenced defendant to the negotiated eight-year indeterminate term, *nunc pro tunc*, as of February 13, 1979.[3] In justifying its action, the sentencing court commented that it "had inadvertently signed the entry made by the Court Clerk, overlooking the inscription of zero to three years."

On appeal defendant argues that in resentencing defendant *nunc pro tunc*, the sentencing court violated CPL 430.10, and in addition violated defendant's right not to be placed twice in jeopardy (US Const, 5th, 14th Amdts; NY Const, art I, § 12).[4] Further, defendant asserts that this conflict concerning the sentence must be viewed as an issue affecting a substantial right and not merely a question of correcting a clerical error or an ambiguity in the record.

The District Attorney would have this court consider the error as merely clerical, subject to correction under the CPLR[5] and the inherent power of the court to correct its own records. The District Attorney maintains, accordingly, that the sentencing court properly corrected the mistake to reflect the understanding of all parties.

---

3. Defendant was present at resentencing.

4. The New York State Constitution section which refers to double jeopardy is section 6 of article I, not section 12 of article I as stated by defendant.

5. The District Attorney cited CPLR 5019 (subd [a]) and 5525 (subd [c]) in his motion. CPLR 5019 (subd [a]) provides that a court may permit correction after judgment of a mistake, defect or irregularity in the papers or procedures in an action, providing such correction does not affect a substantial right of a party. CPLR 5525 (subd [c]) relates to settlement and correction of a record in connection with an appeal.

We agree that a court has the inherent power to correct its own records, where that error is of a clerical nature (see 49 NY Jur, Records and Recording Acts, § 14). However, we cannot agree that the error was merely clerical. Although it is claimed that the court did not intend to impose an indeterminate sentence with a maximum of three years, it appears undisputed that the clerk and the stenographer recorded correctly the judgment uttered by the court and that the sentence imposed was an indeterminate term of three years. This is not a case where the clerk and stenographer recorded incorrectly the judgment of the court.

Whether the court misspoke or whether the sentence was inadvertently imposed makes little difference in the posture of the case on appeal. We have held that an appellate court in reviewing a sentence on appeal does not possess the power to carry out the presumed intent of the sentencing court, where that court has failed to do so. This court, through Justice SILVERMAN, observed that despite the obvious intent of the trial court to impose a sentence for two crimes, an appellate court must respect "the fundamental right of the defendant who has been convicted and sentenced for a crime under a given count not to have that valid, legal sentence increased against his will (except in certain extraordinary situations), and, therefore * * * we should adhere strictly not only to the substance but to the precise forms of procedural regularity" *(People v Murray*, 67 AD2d 484, 487).

In the case at bar, the sentence imposed was a legal sentence (Penal Law, §§ 60.05, 70.00, 110.05, 160.15). That sentence appeared in three separate official court documents, one of which the sentencing court initialled. In addition, defendant had commenced to serve his sentence.

The Court of Appeals has summarized and limited the power of the court to act in circumstances such as confronts us here. In a criminal appeal arising under the former Code of Criminal Procedure, that court declared: "While we find nothing in the Code relating to the correction of merely clerical mistakes in the court records, yet we believe that any court from its very nature as a court must

have inherent power to conform its records to the conceded or apparent facts. Such a power relates, however, to clerical errors, mistakes in recording the true facts and should be exercised with great caution and only where it clearly appears that a mistake has been made. The procedings which have taken place or the rulings and judgments which in fact have been given cannot thus be amended or changed. *The limitations are given by Gray, J., in Bohlen v. Metropolitan Elev. Ry. Co. (121 N. Y. 546, 550), which, though a civil case, must, we think, express the rule also for criminal courts. 'I am not aware that the courts have ever been denied the inherent power to correct their records, where the correction relates to mistakes, or errors, which may be termed clerical in their nature, or where it is made in order to conform the record to the truth. They should not, after the final judgment, by amendment, change a ruling upon the law, or alter the decision upon the merits, for, by so doing, the substantial rights of the adverse party would be really affected.* But, where the amendment is in the line of the correction of a mistake, or of an omission, obviously due, as in this case, to the trial judge's oversight, the power to make it is a general and incidental one.' " *(People ex rel. Hirschberg v Orange County Ct.,* 271 NY 151, 156-157 [emphasis supplied].)

The imposition of judgment enlarging the time to be served by defendant is a matter of substance not form. Our CPL has adopted the same thesis. CPL 430.10 provides "[e]xcept as otherwise specifically authorized by law, when the court has imposed a sentence of imprisonment and such sentence is in accordance with law, such sentence may not be changed, suspended or interrupted once the term or period of the sentence has commenced."[6]

As was said in *People v Yannicelli* (40 NY2d 598, 602), while "[t]here are exceptions to this rule (see, e.g., Preiser, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 430.10; Pitler, New York Criminal Practice un-

6. Subdivision 1 of section 70.30 of the Penal Law provides: "An indeterminate sentence of imprisonment commences when the prisoner is received in an institution under the jurisdiction of the state department of correctional services."

der the CPL, pp 762-763) * * * none of them are applicable here."[7]

The People may move to set aside a sentence but only upon the ground that it is invalid as a matter of law (CPL 440.40). Such a situation is not presented here—the motion is not directed toward an illegal sentence (see *People ex rel. Sedotto v Jackson*, 307 NY 291, 295).

Thus, in this case, because the prison doors have closed behind defendant, we must respect the legislative mandate that a sentence may not be changed once it has commenced.[8]

By reason of the view we have adopted in this appeal, it is unnecessary to consider defendant's claim that the increased sentence constituted double jeopardy in violation of his rights under the Constitution. Accordingly, the judgment of the Supreme Court, Bronx County (LOGUEN, J.), entered July 16, 1979 sentencing defendant to an indeterminate term of 0 to 8 years, *nunc pro tunc* as of February 13, 1979 should be reversed and vacated, and the judgment of conviction of the Supreme Court, Bronx County, entered February 13, 1979 sentencing defendant to an indeterminate term of 0 to 3 years should be reinstated.

KUPFERMAN, J. P. (dissenting). There is no contention that the plea bargain was other than the sentence presently imposed of an indeterminate term with a maximum of 8 years. Therefore, we are concerned only with the question of whether it was essentially unfair to increase the sentence in order to conform with the original understanding.

There has been no significant prejudice *(People ex rel. Harty v Fay*, 10 NY2d 374), and the court has not been ousted of jurisdiction. *(People v Cavelli*, 50 NY2d 919.)

Accordingly, I would affirm.

---

7. Such exceptions include a motion by a defendant to set aside a sentence on the ground that it was not authorized, illegally imposed or otherwise invalid as a matter of law (CPL 440.20), a motion by the People to set aside a sentence on the ground that it was invalid as a matter of law (CPL 440.40), or modification of a sentence on appeal (CPL 450.30, 470.15, 470.20, subd 6).

8. We distinguish *People v Cavelli* (50 NY2d 919), cited by the dissent. That case deals with reincarceration under an existing sentence, and not, as here, with a change in sentence.

SILVERMAN, BLOOM and CARRO, JJ., concur with BIRNS, J.; KUPFERMAN, J. P., dissents in an opinion.

Judgment, Supreme Court, Bronx County, rendered on July 16, 1979, sentencing defendant to an indeterminate term of 0 to 8 years, *nunc pro tunc* as of February 13, 1979, reversed and vacated, and the judgment entered on February 13, 1979 sentencing defendant to an indeterminate term of 0 to 3 years is reinstated.