Jasen, J.
(dissenting). I would affirm the order of the Appellate Division.
The Department of Correctional Services had the authority to retake and return petitioner to confinement because he was properly sentenced by a court for a definite term and was released from its custody by mistake.
' After the sentencing court committed petitioner to the custody of the Department of Correctional Services, the department was required by law to confine him for at least the minimum period imposed. Since it is conceded that the petitioner had not fully served the minimum period imposed, *786 prior to his mistaken release contrary to law, the department had not only the authority to retake petitioner and return him to confinement, but it also had the duty to do so. (CPL 430.20, subd 1.)*
Petitioner’s contention that the department waived its right to further jurisdiction and custody over him is without merit. We have recently held that mistaken release from prison does not, absent exceptional circumstances, give rise to a right to continued liberty. (People v Cavelli, 50 NY2d 919.) Here, there are no exceptional circumstances, such as release for a long period of time. Nor, in my view, does the fact that petitioner was paroled, rather than released outright, make any difference. Inasmuch as petitioner was not eligible for parole at the time of his mistaken release, the Board of Parole lacked power to release him prior to the expiration of his minimum period of imprisonment. Thus, the board’s act was a nullity and petitioner’s release on parole is of no legal effect.
While it may be true that due process considerations would generally require that a prematurely released prisoner be given an opportunity to be heard on the issue of whether his minimum sentence was properly calculated, no such procedure is required where, as here, the prisoner concedes that his initial release was improper. Moreover, as a procedural matter, the writ of habeas corpus does not lie where the sole relief available is an order authorizing an opportunity to be heard. Such a writ operates on the person of the petitioner and is available only where petitioner can demonstrate a right to immediate release from custody. (People ex rel. Douglas v Vincent, 50 NY2d 901, 903.) Thus, even if the propriety of petitioner’s release were still a matter of some dispute, habeas corpus would not lie because, at most, he would be entitled to an opportunity to be heard and not to immediate release.
In short, because there was no lawful authority for petitioner’s release, the Department of Correctional Serv *787 ices remained responsible for carrying out the mandate of the sentencing court to confine the petitioner for the minimum period of imprisonment. Consequently, the Correction Department had the responsibility, as well as the duty, to return petitioner to confinement to complete the lawfully imposed sentence.
It having been established beyond cavil that petitioner is being detained pursuant to a lawful order of confinement issued by the sentencing court, the habeas corpus writ was properly dismissed.
Chief Judge Cooke and Judges Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur; Judge Jasen dissents and votes to affirm in an opinion.
Order reversed, without costs, the petition for a writ of habeas corpus granted and relator released on parole, in a memorandum.

 The statute provides in pertinent part: “§ 430.20 Commitment of defendant. 1. In general. When a sentence of imprisonment is pronounced, * * * the defendant must forthwith be committed to the custody of the appropriate public servant and detained until the sentence is complied with.” (Emphasis added.)