█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLTON WEEKES, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Meyerson, J.), rendered February 5, 1981, upon resentence, convicting him of attempted criminal possession of a weapon in the third degree (Penal Law, §§ 110.00, 265.02, subd [4]) and attempted bribery in the second degree (Penal Law, §§ 110.00, 200.00), upon his plea of guilty, and sentencing him to concurrent periods of intermittent imprisonment of 52 weeks to be served on weekends. Judgment modified, as a matter of discretion in the interest of justice, by reducing the sentences to concurrent periods of intermittent imprisonment of six months, to be served on weekends from 7:00 P.M. Friday through 7:00 P.M. Sunday. As so modified, judgment affirmed and case remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50. The defendant advised the court, prior to the original sentencing on January 30, 1981, that he was bewildered at the time of the plea, on July 23, 1980, and that he was pressured by his former attorney prior to the plea and prior to the commencement of a hearing to suppress physical evidence, the weapon referred to in the indictment. The record of the proceedings at the time of the plea justified the trial court's limited inquiry on defendant's oral request to permit him to withdraw his plea of guilty. Further inquiry in the form of an evidentiary hearing was not warranted. The record adequately supports the denial of defendant's oral application (see *People v Miller,* 42 NY2d 946). We note that the issue presented was not a lack of intent to commit the crimes charged in the indictment (cf. *People v Valente,* 77 AD2d 917; *People v Jaffe,* 74 AD2d 832). The original sentence, imposed on January 30, 1981, was "an intermittent sentence of six months * * * on each count to run concurrent." However, the court then proceeded to direct defendant's imprisonment for "91 weekends; 182 days." The maximum term of a sentence of intermittent imprisonment is one year, e.g., 52 weekends (see Penal Law, § 85.00, subd 3). Under the facts of this case, we believe defendant is entitled to be sentenced to intermittent imprisonment for a term of six months (cf. *People v Minaya,* 78 AD2d 358). Rabin, J. P., Gulotta, Cohalan and Bracken, JJ., concur.