OPINION OF THE COURT
Jones, J.
For the purposes of computing sentence credit the sentence of a criminal defendant is interrupted during the period of his freedom from detention between the date of the reversal of his conviction by an intermediate appellate court and the subsequent reinstatement of his conviction by our court.
Appellant’s conviction of manslaughter in the second degree was reversed and his indictment dismissed by the *452 Appellate Division on May 1, 1978 (63 AD2d 654) in consequence of which he was released from custody on May 4, 1978. On July 9, 1979 we reversed and reinstated his conviction (47 NY2d 554). He asserts that the provisions of CPL 430.10 precluded treating his release following the reversal of his conviction by the Appellate Division as an interruption of his sentence and that accordingly he should be given sentence credit for the 14-month period between the decision of the Appellate Division and that in the Court of Appeals. CPL 430.10 provides: “Except as otherwise specifically authorized by law, when the court has imposed a sentence of imprisonment and such sentence is in accordance with law, such sentence may not be changed, suspended or interrupted once the term or period of the sentence has commenced.” Appellant stresses the words “specifically authorized” in the introductory phrase, “Except as otherwise specifically authorized by law”, and argues that his case does not fall within that exception. We reject this contention.
In reversing appellant’s conviction and dismissing the indictment on the ground of the legal insufficiency of the trial evidence the intermediate appellate court was exercising powers specifically conferred by statute. CPL 470.15 (subds 2, 3) expressly authorize reversal of a criminal judgment of conviction, and CPL 470.20 (subd 2) in turn provides that on reversal of a conviction “for legal insufficiency of trial evidence, the court must dismiss the accusatory instrument.” Finally, CPL 470.45 provides: “Upon reversing or modifying a judgment and directing corrective action, an appellate court must remit the case to the criminal court in which the judgment was entered. Such criminal court must execute the direction of the appellate court and must, depending upon the nature of such direction, either discharge the defendant from custody, exonerate his bail or issue a securing order.” Thus, once a defendant’s conviction has been reversed and the indictment dismissed the appropriate remedy is discharge from custody; there is then no basis for further detention.
Appellant does not contest the sequence of this rationale or argue that his discharge from custody on reversal by the Appellate Division was not in accordance with statutory *453 authorization. Rather he invites us to draw a determinative distinction between discharge from custody, which he agrees was authorized, and interruption of his sentence, which he claims was not. It is his submission that because other statutes make explicit provision for the interruption of sentence (e.g., Penal Law, § 70.40, subd 3, pars [a], [b]; § 65.15, subd 2; § 70.30, subds 6, 7) anything less than a verbatim repetition of the words “interrupt the sentence” falls short of establishing the exception prescribed in CPL 430.10. To accept such an argument would be to extol the graphic form of the words and to ignore their signification. Moreover, the statutory provisions on which appellant relies have no reference to authorized discharge from custody in accordance with judicial order. They provide that a defendant’s sentence shall be interrupted (i.e., that he shall be given no credit for serving a sentence) when he violates the terms of his parole or conditional release, violates the conditions of his probation or conditional discharge, or escapes or absconds from temporary release — all acts of voluntary misconduct on the part of the defendant from which he should derive no benefit.
In the case before us, we recognize that the discharge from custody was the lawful consequence of defendant’s exercise of his right to appellate review and the result prescribed by statute on his success at the intermediate appellate level. Our court, however, subsequently determined that it was error to have reversed defendant’s conviction. In effect defendant was accorded a period of freedom to which we ultimately determined he was not entitled. Although he was not wholly free from the grasp of the law during that period, there is no sufficient reason why the running of his sentence should not be tolled during the period he enjoyed what proved to be an undeserved benefit. An assertion that he should be deemed to be serving a sentence while he was free pursuant to statutory entitlement flies in the face of reality.
For the reasons stated, the sentence of appellant was interrupted during the period between the determination of the Appellate Division and that of our court, and he is not entitled to sentence credit for the period between May 4, 1978 and July 9, 1979.
*454 Accordingly, the order of the Appellate Division should be affirmed, without costs.
Chief Judge Cooke and Judges Jasen, Wachtler, Meyer, Simons and Kaye concur.
Order affirmed, without costs.