OPINION OF THE COURT
Alvin Schlesinger, J.
The defendant moves to be resentenced nunc pro tune as of April 7, 1983. The significance of that date is revealed in the recitation of the facts which are undisputed.
The defendant pleaded guilty before this court to the crime of attempted burglary in the third degree and sentence was initially scheduled for September 10, 1982, at which time the defendant was present. It was adjourned to November 19,1982, at which time defendant was not present. Sentence was adjourned from time to time thereafter and ultimately, on January 6,1983, after a hearing, the defendant was sentenced in absentia to an indeterminate sentence of one to three years.
On January 17, 1983, the defendant was arrested on Federal criminal charges. In March of that year the New York authorities lodged a warrant with the Federal authorities. The defendant pleaded guilty to sundry Federal crimes and on April 7, 1983, he was sentenced to an aggregate of five years’ imprisonment by Judge Robert J. Ward of the District Court, Southern District of New York. Judge Ward directed that the sentence *1008 imposed by him was to be concurrent with the sentence theretofore imposed by this court. Although the commitment papers signed by him directed such concurrency, the defendant was remanded to a Federal institution in Kentucky from which he was released in October 1984. On his release from Federal custody, defendant was delivered to the custody of the New York State Department of Correctional Services and began the sentence imposed by this court. The New York authorities have refused to credit the time spent in Federal custody against his New York sentence.
The defendant contends that the sole issue presented on this application is the power of this court to amend its sentence nunc pro tune as of the date of the Federal sentence, April 7,1983, and that it does not implicate the power of this court to resentence him concurrently with the Federal sentence already served. Nonetheless, the clear effect and the obvious purpose of the resentence of the defendant as of April 7,1983, would be to make this court’s sentence concurrent with the Federal sentence thereafter imposed and require the credit of the time spent in Federal custody.
This court has the inherent authority to modify or change a sentence where there has been a clerical mistake or error in its imposition. However, “[o]f course a court cannot, in the guise of correcting an error, change or amend a sentence which is not defective” (People v Minaya, 54 NY2d 360, 364).
CPL 440.20 (1), pursuant to which the defendant moves, provides that after entry of judgment the court may set aside the sentence upon the ground that it was “unauthorized, illegally imposed or otherwise invalid as a matter of law.”
In this case there appears to be no error of a clerical nature or otherwise in this court’s sentence of January 6, 1983. Nor was that sentence unauthorized, illegally imposed or otherwise invalid as a matter of law. Accordingly, the court concludes that no relief is available to the defendant under that section.
Stripped to its essentials, it is the defendant’s contention that the failure of the Attorney General of the United States to follow Judge Ward’s direction, that his Federal sentence be concurrent with the sentence previously imposed by this court, is an error which should be redressed by this court. Assuming the power of this court to redress that error, movant’s position is nonetheless devoid of merit.
It is noted that Judge Ward did in fact sentence the defendant to an aggregate sentence of five years, concurrent with the sentence previously imposed by this court. The commitment *1009 papers signed by him so indicate. The Attorney General did not effectuate that direction by directing the defendant’s transfer to the custody of the New York State authorities to serve his State sentence first.
It would appear that despite the direction in the sentence, Judge Ward did not have the power to make his sentence concurrent with the New York State sentence. At most, a Federal Judge can recommend to the United States Attorney General that a sentence be concurrent and that the concurrency be made effective by delivering the defendant to the State authorities. The power and ultimate decision, however, remains with the Attorney General. (18 USC §§ 3568, 4082 [b]; United States v Huss, 520 F2d 598; Tremarco v United States, 412 F Supp 550; Hash v Henderson, 262 F Supp 1016.)
“Defendants urge that a sentencing court has the inherent power to control the place and conditions of confinement * * * However, the statutory scheme which forms the basis of federal sentencing and confinement authority permits a trial judge no such power * * *
“A provision in a federal judgment of sentence that it be served concurrently with a state sentence already being served * * * is surplusage which the Attorney General may disregard.” (United States v Huss, supra, at p 602.)
The reason for the Attorney General’s failure to follow Judge Ward’s request is unexplained. If in fact it resulted from error, the opportunity existed to review that action in the Federal courts during the years of the defendant’s custody in a Federal institution. Defendant may not at this point, after failing to seek such redress, ask this court to sit in appellate review regarding enforcement of Judge Ward’s recommendation.
The court is aware that it has the power to convert the instant application to a CPLR article 78 proceeding and to direct the impleading of the New York State Department of Correctional Services. (People v Nagler, 21 AD2d 490.) It would not hesitate to do so if the defendant had a right to relief but had erroneously chosen an inappropriate remedy. The action of the Department of Correctional Services in not crediting the time served in Federal custody is not in the circumstances of this case, arbitrary, capricious nor unlawful. The defendant’s New York sentence did not commence until he was received in custody by State authorities in October 1984. Absent a right to relief, the conversion of this application into an article 78 proceeding would appear to be unavailing.
*1010 One other observation is relevant. On occasions when a defendant has taken a plea before this court and has indicated that he is about to plead on Federal charges, the court had delayed sentencing until the imposition of the Federal sentence in order to make its sentence concurrent with the Federal sentence. Unlike Judge Ward, this court’s power to do so is clear. By absenting himself from the jurisdiction of the court at the time of sentence, defendant foreclosed that possibility.
As indicated at argument, this decision is without prejudice to the commencement of an independent article 78 proceeding should defendant be so advised. However, it appears to the court that redress, if any, should be directed to the clemency powers of the Governor.
The application is denied in all respects.