OPINION OF THE COURT
Emily Jane Goodman, J.
In this unusual CPLR article 78 proceeding, petitioner, a New York State prisoner representing himself, seeks the correct computation of his New York State prison sentence following five years of incarceration in a Federal prison.
Petitioner is now serving a term of 10 years to life (the original sentence of 15 years to life having been reduced by Gubernatorial commutation). In the intricacies of the combined Correction and Penal Laws, Mr. Rodriguez would, upon the granting of this motion, become eligible for parole in January 1987, rather than January 1992.
FACTS
On April 29, 1977, petitioner was sentenced in New York State Supreme Court to an indeterminate term of 15 years to life. Subsequently, petitioner was tried on Federal charges, and on July 1, 1977, convicted. On September 19, 1977, petitioner was sentenced in the United States District Court for the Southern District of New York to a term of incarceration expressly to run concurrently with the previously imposed State sentence. Petitioner was then returned to State custody on September 29, 1977. He was again returned to local Federal custody on October 18, 1977 and sent to a Federal correctional facility on April 2, 1982. Four and one-half years later, after satisfying his Federal sentence, petitioner was returned to the New York City jail at Rikers Island. On April 8, 1982 he was transferred to a New York State prison, Ossining Correctional Facility (Sing Sing), to serve his State sentence. He is currently incarcerated at Eastern New York Correctional Facility at Napanoch.
ARGUMENTS
Petitioner argues that his New York sentence was illegally interrupted and that his Federal and State sentences were to have run concurrently.
Either or both respondents, New York State Department of Correctional Services and New York City Department of *156 Correction, argue that the article 78 proceeding is untimely; that petitioner’s sentence did not actually begin until he was physically in a State prison, rather than a city jail; that petitioner was not entitled to concurrent Federal and State credit.
THE ARTICLE 78 PROCEEDING
CPLR 217 requires that a proceeding be commenced within four months of a final and binding determination or after a governmental respondent’s refusal to perform its duty. This proceeding is within the four-month Statute of Limitations, which began December 26, 1984, the date when petitioner received a letter from New York City Department of Correction, which stated that they could not review the computation of his State sentence. He correctly concluded that he had exhausted his remedies and within four months commenced this proceeding, in March 1985, against New York City Department of Correction. (Thereafter, by court order, New York State Department of Correctional Services was joined as a respondent.)
Moreover, even if petitioner was not within the four-month Statute of Limitations period, courts have waived this requirement when a petitioner was seeking merely the performance of a ministerial act by the respondent (People ex rel. Henderson v Casscles, 66 Misc 2d 492 [Sup Ct, Westchester County 1971]; Matter of Browne v New York State Bd. of Parole, 10 NY2d 116 [1961]; 23 Carmody-Wait 2d, NY Prac, Proceeding Against a Body or Officer, § 145:132).
Therefore, even if he were not within the four-month Statute of Limitations, petitioner’s action is not time barred since he seeks merely the performance of a ministerial act, i.e., the correct computation of the State sentence.
THE STATE SENTENCE
Petitioner argues that in transferring him to Federal custody to serve a Federal sentence CPL 430.10 was violated because a legally imposed New York State sentence was interrupted after it commenced. Under CPL 430.10 a sentence "may not be changed, suspended or interrupted once the term or period of the sentence has commenced.”
However, Penal Law § 70.30 (1) states that a sentence "commences when the prisoner is received in an institution under the jurisdiction of the state department of correctional *157 services.” Petitioner was held at the Men’s House of Detention at Rikers Island, New York City, before being transferred to a Federal institution. Being a city jail, Rikers Island is not under the jurisdiction of the State Department of Correctional Services. Respondents therefore argue that since he was not in State custody, his State sentence could not have been interrupted.
Petitioner’s New York sentence was imposed on April 29, 1977, but he was never transferred by New York City or New York State to a proper State institution until April 1982, after he had served his Federal sentence. Respondents took no steps from the time of the New York sentence and then following the imposition of the Federal sentence to transfer petitioner to the New York State system. Nor has any reason been offered.
However artificial the distinction between a jail and a prison may be, if petitioner’s sentence had not yet commenced, since he was in a jail and not a prison, it was because of a lapse on the part of either or both respondents, upon which lapse they now seek to rely in denying petitioner credit for the 416 years served in a Federal institution.
The delay in transferring the prisoner to an institution under the jurisdiction of the State Department of Correction violated the statutory mandate of CPL 430.20 (1) and 430.30 which provide that "[w]hen a sentence of imprisonment is pronounced * * * the defendant must forthwith be committed to the custody of the appropriate public servant and detained until the sentence is complied with” (CPL 430.20 [1]; emphasis added). This was accomplished by neither New York City nor New York State.
The Court of Appeals has defined "forthwith” to mean "without delay.” (Crespo v Hall, 56 NY2d 856, 858 [1982]; Matter of County of Onondaga v New York State Dept. of Correctional Servs., 97 AD2d 957 [4th Dept 1983], affd 62 NY2d 826 [1984].)
Petitioner’s New York sentence was imposed on April 29, 1977. He was not sentenced on Federal charges until September 19, 1977. While it was proper under exigent circumstances (Crespo v Hall, supra; Matter of County of Onondaga v New York State Dept. of Correctional Servs., supra) and under the rules of comity to surrender petitioner for purposes of trial in the Federal District Court "no rule of comity between governments requires a surrender for the purpose of serving a foreign sentence.” (People ex rel. Rainone v Murphy, 1 NY2d *158 367, 372 [1956].) It was improper to surrender petitioner to Federal jurisdiction in order to begin serving a sentence imposed some five months after petitioner was sentenced in a New York State court.
While it may have been reasonable to transfer petitioner to Federal authorities for trial, it was not reasonable to transfer him to a Federal institution to begin serving a Federal sentence before he had begun to serve his New York State sentence.
After petitioner was convicted in Federal District Court he should have been remanded by respondents forthwith to the New York State system in order to begin serving his State prison sentence. The record is clear that on September 19, 1977, petitioner was sentenced in Federal court and on September 29, 1977 he was returned by Federal authorities to New York City Department of Correctional Services to await transfer to a New York State prison. Instead, inexplicably, on October 18, 1977, respondents again surrendered him to Federal authorities creating a hiatus of those several years. This was improper and a clear violation of New York law. (CPL 430.20, 430.30.)
Interestingly, the record establishes that respondents, when computing petitioner’s jail time, properly credited toward his State sentence the entire amount of time he spent in New York City jails, in pretrial detention (from Feb. 8, 1977 until he was surrendered to Federal authorities for the last time on Oct. 18, 1977) some 252 days later. This computation included all the time petitioner spent in Federal custody awaiting trial. Respondents cannot therefore claim that petitioner was not under their control. (See, Peterson v New York State Dept. of Correctional Servs., 100 AD2d 73 [2d Dept 1984].)
THE FEDERAL SENTENCE
It is beyond question, and is explicit in the Federal commitment order, that the Federal sentence imposed on September 19, 1977 by United States District Court Judge Vincent Broderick, was to run concurrently with the previously imposed sentence of the New York State Supreme Court.
However, a Federal District Court Judge may only recommend that a sentence be served concurrently with a previously imposed State sentence (see, 18 USC § 4082 [a], [b]; see, United States v Huss, 394 F Supp 752 [SDNY 1975], 520 F2d 598 [2d Cir 1975]; Tremarco v United States, 412 F Supp 550; *159 Hash v Henderson, 262 F Supp 1016 [ED Ark 1967], affd 385 F2d 475 [8th Cir 1967]; Hamilton v Salter, 361 F2d 579; United States v Sackinger, 537 F Supp 1245 [WDNY 1982], affd 704 F2d 29 [2d Cir 1983]; United States v Aleman, 609 F2d 298 [7th Cir 1979], cert denied 445 US 946 [1980]).
Such a recommendation is almost always honored and adopted by the Attorney General of the United States and is "usually followed as a matter of administrative practice.” (Hash v Henderson, supra, at p 1018.)
When a Federal Judge recommends concurrent service of a sentence with a previously imposed State sentence the concurrency is made effective by designating the non-Federal facility as the place of confinement. The prisoner is returned to State custody and the United States Marshal lodges a detainer issued on the Federal judgment; the United States Marshal refers the court’s recommendation to the Regional Records Administration which designates the institution for service of the Federal term. (See, Bureau of Prisons policy statement series No. 7010.1 [Aug. 28, 1974].)
It is apparent that there was a ministerial error by either petitioner’s Federal trial counsel, or one of the Federal agencies in failing to file the forms which would have activated the 18 USC § 4082 (b) concurrency (see, People v Gaston, 127 Misc 2d 1007 [Sup Ct, Bronx County 1985]).
While it is beyond the scope and power of this court to rectify that oversight, or whatever errors may have been committed on the Federal side, the grievance in this proceeding is with New York City and New York State, which by returning the prisoner to Federal custody on October 18, 1977 instead of transferring him to a State institution, violated CPL 430.20.
CONCLUSION
The respondents acted arbitrarily in surrendering petitioner to Federal authorities to begin serving a Federal sentence imposed five months after a State prison sentence had already been imposed without first transferring him to the State.
The record does not reveal why the apparently ministerial task of having the United States Attorney General approve the concurrent sentence and return Mr. Rodriguez to the State system to serve both sentences was not accomplished.
Nor can this court rectify or remedy lapses in the Federal system, although it would be arbitrary and inequitable to *160 require petitioner to serve more time than was intended and imposed by the second sentencing court.
However, this court finds that the failure to physically place Mr. Rodriguez behind State walls instead of in a city cell was due to the negligence or arbitrariness of either or both respondents.
Accordingly, it is the order of this court that petitioner be credited by New York State with years toward his sentence, i.e., all of the time petitioner remained in Federal custody due to the arbitrary surrender of petitioner to Federal authorities on October 18,1977.
In view of petitioner being a pro se prisoner, the Attorney-General of the State of New York is directed to settle the order on notice.