■ In the Matter of FRANKLIN ANDERSON, Appellant, v WILLIAM KIRK, as Superintendent of Wallkill Correctional Facility, et al., Respondents.—Mikoll, J. Appeal from a judgment of the Supreme Court (Klein, J.), entered December 17, 1987 in Ulster County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Department of Correctional Services denying petitioner's request to have his criminal sentence recomputed.

The issue before us is whether petitioner is entitled to credit for time spent on parole after his original sentence for criminal possession of a controlled substance in the third degree was vacated on April 23, 1984 until he was discharged from parole on October 31, 1985. Defendant's original sentence was vacated because he was not sentenced as a second felony offender by the trial court as required by CPL 440.40 (1). Supreme Court, relying on Matter of Licitra v Coughlin (61 NY2d 450), held that petitioner was not entitled to credit for the period of time he reported for parole supervision postdating the vacatur of his sentence.

There must be an affirmance. We find no statutory author-

ity for crediting petitioner for the period of time he reported to parole after the underlying sentence was vacated.

Penal Law § 70.30 (5) provides in pertinent part that "all time credited against the vacated sentence shall be credited against the new sentence". When petitioner's original sentence was vacated, this constituted an interruption of his sentence (see, Licitra v Coughlin, supra; see also, Bellacosa, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 430.10, at 301). Once petitioner's sentence was interrupted, he was not entitled to any further credit on his original sentence, and it also follows that he was not entitled to credit upon the subsequently imposed sentence.

Petitioner's reliance on People v Cavelli (50 NY2d 919) and Matter of Green v Hammock (70 AD2d 226) is to no avail. Those cases dealt with errors perpetrated by incarcerating authorities in either freeing a prisoner or failing to take a person into custody. Neither authority is relevant in the instant situation.

Judgment affirmed, without costs. Kane, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.