OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
The issue in this article 78 proceeding is whether petitioner is entitled to credit for time spent on parole from the day his first sentence was vacated, April 23, 1984, until the day he was discharged from parole, October 31, 1985.
Section 70.30 (5) of the Penal Law provides that when a sentence imposed on a person is vacated and a new sentence is imposed for the same offense, "the new sentence shall be calculated as if it had commenced at the time the vacated sentence commenced, and all time credited against the vacated sentence shall be credited against the new sentence.” Thus, the question is whether the time petitioner spent on parole after his sentence was vacated should be credited against that vacated sentence.
CPL 430.10 provides: "Except as otherwise specifically authorized by law, when the court has imposed a sentence of imprisonment and such sentence is in accordance with law, such sentence may not be changed, suspended or interrupted once the term or period of the sentence has commenced” (emphasis added). There can be no question this sentence was interrupted or changed by law and that petitioner is not entitled to credit for the intervening period.
Following the imposition of petitioner’s original sentence, the People successfully appealed claiming that the sentence was invalid because defendant should have been sentenced as a second felony offender (People v Anderson, 100 AD2d 937). The People’s appeal was taken as of right pursuant to CPL 450.20 (4) and 450.30 (2) and the Appellate Division had the power to vacate or modify the illegal sentence (CPL 470.15 [2]). The Appellate Division exercised this power when it *997 vacated the sentence, held that petitioner was to be resentenced as a second felony offender and remitted the matter to Supreme Court for resentencing.
Although Matter of Licitra v Coughlin (61 NY2d 450), relied upon by the courts below is not controlling, it is instructive in applying CPL 430.10 because in Matter of Licitra the court rejected the contention that "anything less than a verbatim repetition of the words 'interrupt the sentence’ falls short of establishing the exception prescribed in CPL 430.10” (61 NY2d, at 453, supra). The Appellate Division vacatur in this case resulted in an "interruption” of petitioner’s sentence. Thus, under the exception provided for in CPL 430.10, petitioner’s original sentence was legally "interrupted” by the order of the Appellate Division and subsequently "changed” as authorized by the Criminal Procedure Law (see, id.). He was not entitled to credit on the original sentence for parole time after the date the sentence was interrupted. Because he was not entitled to credit on his original sentence after the vacatur, he could not be credited for this time on his new sentence pursuant to Penal Law § 70.30 (5) which allows credit against a new sentence only for time credited against the vacated sentence. Respondents have credited petitioner with all parole time served prior to the time the original sentence was vacated on April 23, 1984. There is, however, no statutory authority authorizing credit for time petitioner reported for parole subsequent to this date.
Petitioner also contends that if the court finds that the sentence was interrupted by the vacatur, it follows that the vacatur was no longer in effect when petitioner was resentenced. Therefore, he claims that under Penal Law § 70.40 he is entitled to sentence credit for an additional period of time he spent on parole after resentencing and before he was returned to prison. He remained on parole because execution of the new sentence was stayed on his motion pending reargument of the appeal. Penal Law § 70.40 applies to a prisoner who has served his minimum sentence, however, and since petitioner had not started serving his new sentence, it is not applicable to him (see, Penal Law § 70.30 [1] ["(a)n indeterminate sentence of imprisonment commences when the prisoner is received in an institution”]).
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
On review of submissions pursuant to section 500.4 of the *998 Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed, without costs, in a memorandum.