■ In the Matter of KEVIN FRANKS, Appellant, v RICHARD J. KOEHLER, as Commissioner of Correction of the City of New York, et al., Respondents.—Judgment of the Supreme Court, New York County (Leonard Cohen, J.), entered on January 11, 1989, which dismissed a petition brought pursuant to CPLR article 78 for an order directing respondents to credit petitioner with 324 days of jail time, unanimously affirmed, without costs.

On January 13, 1978, petitioner was sentenced to a term of 12 years in a Federal correctional facility for the crime of armed robbery. He was paroled on March 4, 1981. On May 12, 1982, he was arrested in New York City for bribery and the illegal possession of a weapon. He was released on bail three days later and, on April 23, 1983, entered a plea of guilty to the crimes of illegal possession of a weapon in the third

degree and bribery in the second degree. His parole was revoked, and he was returned to the Federal correctional institution.

On December 20, 1984, petitioner was transferred to the Metropolitan Correctional Facility for sentencing on the State crimes and, on February 7, 1985, received concurrent indeterminate terms of imprisonment of from 3½ to 7 years as a violent predicate felon, the terms to run consecutively to the time remaining on his Federal sentence.

On September 2, 1986, the Federal authorities released petitioner into the custody of New York City detectives who, instead of committing him directly to the New York State correctional system, lodged petitioner in a New York City facility. He was brought before a New York State Supreme Court Justice on September 8, 1986 and was thereupon released, apparently because the court was unable to locate his file. Petitioner remained at liberty for nearly a year, residing in his mother's home. During this time he regularly reported to his Federal parole officer as scheduled and obtained employment as a plumber.

In July 1987, petitioner received a notice by mail to appear in Supreme Court, New York County. Petitioner dutifully appeared as instructed and was immediately taken into custody. He was placed on Rikers Island until the sentencing Judge could be located and was subsequently ordered remanded to the New York State Department of Correction on August 18, 1987.

Petitioner has been credited with jail time for the period of detention immediately following his New York City arrest (May 12 to May 15, 1982) and from the date he presented himself at Supreme Court, as directed, to the date he was finally remanded to the State correctional system (July 24, 1987 to Sept. 29, 1987). The petition seeks additional jail time credit for the period between his release, as ordered by Supreme Court on September 8, 1986, and his subsequent court appearance on July 24, 1987, a period of 324 days. Petitioner relies on four statutory provisions in support of his petition, CPL 430.10, 460.50 (5); 430.20 (1) and Penal Law § 70.30 (3).

None of those statutory sections is applicable to the facts of this case. CPL 430.10 prohibits changes in, or suspension or interruption of, a sentence once it has commenced "[e]xcept as otherwise specifically authorized by law" *(see, People v Cavelli,* 50 NY2d 919; *People ex rel. Bilotti v Warden,* 42 AD2d 115, *appeal dismissed* 34 NY2d 937). However, the Penal Law

provides, "An indeterminate sentence of imprisonment commences when the prisoner is received in an institution under the jurisdiction of the state department of correctional services" (Penal Law § 70.30 [1]). Petitioner was not received in a State correctional facility until September 29, 1987, well after the period in question when he was at liberty. Therefore, as we recently held in *Matter of Mokone v Coughlin* (157 AD2d 621) his sentence was not "interrupted" as petitioner contends, and CPL 430.10 is inapposite.

CPL 460.50 applies where judgment of conviction is stayed pending appeal *(see, Matter of Hooray v Cummings,* 89 AD2d 790; *Matter of Holland v La Vallee,* 63 AD2d 989). No appeal is involved in the instant matter and, therefore, the statutory mandate that Criminal Court comply with the notice provisions of CPL 460.50 (5) has no application.

CPL 430.20 (1) provides that, following pronouncement of sentence, "the defendant must forthwith be committed to the custody of the appropriate public servant and detained until the sentence is complied with." This section must be read in conjunction with Penal Law § 70.30 (1) and (2), which designate the date upon which a sentence commences as the date the prisoner is received in the appropriate institution under the jurisdiction of the New York State Department of Correction. CPL 430.20 (1) is clearly designed to preclude the indefinite detention of a prisoner in a local facility, thus preventing him from beginning his period of imprisonment. Where, as here, the defendant is at liberty, a delay in the commencement of his sentence obviously will not have the same severely prejudicial consequence of extending his period of incarceration.

Penal Law § 70.30 (3) provides that a sentence will be diminished "by the amount of time the person spent in custody prior to the commencement of such sentence as a result of the charge that culminated in the sentence." The Court of Appeals has made it clear, however, that "custody" requires that the prisoner be confined or detained under guard; home confinement as a condition of probation and release on bail pending appeal does not constitute "custody" within the contemplation of the statute *(Matter of Hawkins v Coughlin,* 72 NY2d 158, 162-163). A fortiori, time spent at liberty will not suffice.

Of the various cases cited by petitioner, only *Rodriguez v McMickens* (133 Misc 2d 154) is even remotely on point. That case is clearly distinguishable in that it involves a Federal sentence which was to run *concurrently* with a previously

imposed State sentence. After conviction on the New York State crime, the defendant was remanded to Federal authorities for trial. After conviction, he was returned to State custody but, less than three weeks later, he was again remanded to Federal custody where he was sent to a Federal correctional facility to serve out his sentence. The court correctly determined that, while his State sentence had not commenced pursuant to Penal Law § 70.30 (3), the circumstances comprised a violation of CPL 430.20 (1). The court appropriately credited the defendant with the time spent in Federal custody towards his State sentence.

In the case under review, by contrast, the sentences imposed are to run consecutively, not concurrently, and petitioner was at liberty and not serving a sentence during the time period in question. Unlike the situation in *Rodriguez v McMickens (supra)*, defendant has spent no additional time under incarceration. He cannot be said to have sustained any more prejudice by virtue of the delay in commencement of the State sentence than if execution of the judgment had been stayed by the court. In one such instance, asserted to comprise an interruption of sentence (CPL 430.10), the Court of Appeals stated, "In effect defendant was accorded a period of freedom to which we ultimately determined he was not entitled. Although he was not wholly free from the grasp of the law during that period, there is no sufficient reason why the running of his sentence should not be tolled during the period he enjoyed what proved to be an undeserved benefit" *(Matter of Licitra v Coughlin,* 61 NY2d 450, 453). As in *Licitra (supra)*, defendant herein has advanced no valid argument why he should be permitted to utilize an undeserved benefit to his further advantage. Concur—Kupferman, J. P., Milonas, Kassal, Wallach and Rubin, JJ.