■ In the Matter of KEVIN SMITH, Appellant, v ANTHONY ANNUCCI, as Deputy Commissioner and Counsel of the Department of Correctional Services, Respondent. [891 NYS2d 917]—

Stein, J.

Petitioner was convicted in July 1984 of criminal possession of stolen property and sentenced to three years of probation. While on probation, petitioner was arrested in March 1986 as a result of his alleged involvement in a murder that occurred in November 1984. In October 1987, defendant was convicted of murder in the second degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree and was sentenced to concurrent prison terms of 25 years to life on the murder conviction, 5 to 15 years for the second degree criminal possession of a weapon conviction and 1¹/₃ to 4 years for the third degree criminal possession of a weapon conviction.* Petitioner thereafter contested the manner in which the Department of Correctional Services calculated his parole eligibility date and requested that he be credited with the time he served while on probation pursuant to his 1984 sentence. When his request was denied, petitioner commenced this CPLR article 78 proceeding. Supreme Court dismissed the petition, prompting this appeal.

We affirm. When a person is sentenced to concurrent sentences, "the time served under imprisonment on any of the sen-

---

* There was apparently no mention at the time of sentencing of any pending violation of probation charge.

tences shall be credited against the minimum periods of all the concurrent indeterminate sentences'' (Penal Law § 70.30 [1] [a]). We disagree with petitioner's contention that he should be credited for the time he served on probation for the 1984 conviction. As probation is an alternative to imprisonment (*see* Penal Law § 65.00 [1] [a]; *People v Fortunato*, 50 AD2d 38, 41 [1975]), the time that petitioner spent on probation is not time served under imprisonment under Penal Law § 70.30 (1) (a) and he is therefore not entitled to be credited for that time against the minimum period of his 1987 sentence (*see generally Matter of Hawkins v Coughlin*, 72 NY2d 158, 162-163 [1988]; *People v Sawinski*, 294 AD2d 667, 668 [2002], *lv denied* 98 NY2d 701 [2002]; *Matter of Franks v Koehler*, 159 AD2d 213, 215 [1990], *lv denied* 76 NY2d 702 [1990]).

Peters, J.P., Rose, Malone Jr. and McCarthy, JJ., concur. Ordered that the judgment is affirmed, without costs.