THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* GREGORY L. (ANONYMOUS), Appellant.

Second Department, June 26, 1967.

*Gregory L.,* appellant in person.

*George J. Aspland, District Attorney,* for respondent.

MUNDER, J. This is a motion by defendant for permission to appeal as a poor person and for assignment of counsel, on his appeal from a determination of the County Court, Suffolk County, dated January 20, 1967, which revoked the defendant's probation.

On May 27, 1966, the defendant, in the presence of counsel, entered a plea of guilty to a youthful offender information after he had been indicted for burglary in the third degree and petit larceny; and he was sentenced to the Elmira Reception Center pursuant to article 3-A of the Correction Law, but execution of the sentence was suspended and he was placed on probation. No appeal was taken. His probation was conditioned on (1) his obtaining employment as soon as medically possible and remaining employed and (2) his staying away from certain companions and individuals to be designated by the Department of Probation of Suffolk County.

On January 6, 1967 the defendant appeared in the County Court charged with violation of probation and, upon being informed by the court of his rights and the charge against him, asked that he be assigned counsel. Counsel was assigned and was present as the defendant made a request for consideration for commitment to a hospital facility, as a narcotic addict, pursuant to the then extant section 211 of the Mental Hygiene Law. On January 20, 1967 the court announced its determination to deny the request. Then, upon the defendant's admission of the violation of probation, probation was revoked and he was committed to Elmira Reception Center under the original sentence. He filed a purported notice of appeal on February 6, 1967. The instant motion followed.

It is axiomatic that the appellate jurisdiction of the courts of this State in criminal cases is purely statutory; such jurisdiction can never be assumed unless a statute can be found which expressly sanctions its exercise (*People* v. *Zerillo,* 200 N. Y. 443, 446; see *People* v. *Gersewitz,* 294 N. Y. 163; *People* v. *Rossi,* 5 N Y 2d 396, 400). The statute which expressly sets forth the cases in which defendants may appeal is section 517 of the Code of Criminal Procedure. There is no provision there for appeal from an order revoking probation (see *People* v. *Terry,* 21 A D 2d 971; *People* v. *Riley,* 25 A D 2d 915).

The sentence is the judgment in a criminal action. "In the absence of a sentence, or of a suspension of sentence or its operation, there is nothing from which a defendant can appeal (*People* v. *Cioffi,* 1 N Y 2d 70)." (*People* v. *Pucci,* 7 A D 2d 643.) (See, also, *People* v. *Spry,* 5 A D 2d 835; *People* v. *Ciavarelli,* 11 A D 2d 741.) Here, sentence was imposed and execution of the sentence was suspended. That constituted the judgment which was appealable under section 517 of the code. Neither revocation of probation under section 935 of the Code of Criminal Procedure nor revocation of the suspension of execution of sentence under section 2188 of the Penal Law constitutes a new judgment and neither of such revocations is appealable.

No timely appeal having been taken from the judgment of conviction, it follows that the purported appeal from the revocation of probation must be dismissed and the instant motion denied.

We are aware of the determination in *People* v. *Turner* (27 A D 2d 141), in which the Fourth Department expressed a contrary view. We disagree because we believe that the historical concept that it is the Legislature's function, not that of the court, to determine the latter's jurisdictional limits is beyond dispute.

HOPKINS, J. (dissenting). It is settled that a defendant may not expand his time to appeal by moving to amend his sentence, or for resentence, and he loses, by his delay, the right to review the prior proceeding leading to the sentence (*People* v. *Williams,* 6 N Y 2d 193, 195). But here the defendant took no action which resulted in the judgment from which he is appealing. The action was taken by the court, which revoked the probation imposed by the original sentence and fixed the new sentence.

Doubtless the defendant is now barred from raising on appeal any question relating to the proceedings which antedated and included the original sentence; he may raise, however, in my opinion any question which thereafter arose relating to the revocation of probation and the new sentence inflicted as a consequence — the same as if he were appealing from an amended judgment (cf. *People* v. *Williams, supra,* p. 195).

Section 935 of the Code of Criminal Procedure prescribes that on violation of probation "the court may impose any sentence it might have originally imposed", thereby implicitly recognizing that a new sentence is to be given by the court. That sentence would constitute a part of the judgment roll (*People* v. *Frankola,* 264 App. Div. 741) and could only be

reviewable after it was imposed on a defendant. Otherwise, the discretion of the sentencing court in revoking probation could not be tested and an arbitrary exercise of power would be impregnable (cf. *People* v. *Turner,* 27 A D 2d 141). I do not think that such is the construction that should be placed on the statute. Indeed, the action of the sentencing court in revoking probation was reviewed in *People* v. *Oskroba* (305 N. Y. 113), although, to be sure, the question of appealability was not there raised.

Since, as I read the statute, the appeal of the defendant may be entertained and should not be dismissed, his application for poor person relief and for assignment of counsel should be granted.

RABIN and BENJAMIN, JJ., concur with MUNDER, J.; HOPKINS, J., dissents in opinion, in which BRENNAN, Acting P. J., concurs.

Motion denied. On the court's own motion, the appeal is dismissed.