THE PEOPLE OF THE STATE OF NEW YORK ex rel. ANTHONY BILOTTI, Appellant, v. WARDEN, NEW YORK CITY CORRECTIONAL INSTITUTION FOR MEN, Respondent.

First Department, July 3, 1973.

*Joseph Alan Kaplan* of counsel (*David Lee Steinberg* with him on the brief; *Robert Kasanof*, attorney), for appellant.

*Susan S. Belkin* of counsel (*Stanley Buchsbaum* with her on the brief; *Norman Redlich, Corporation Counsel*), for respondent.

*Per Curiam.* We believe the writ should have been sustained. On February 17, 1971, relator was sentenced to two consecutive one-year sentences. On August 11, 1971, after serving eight months on the first sentence, he was mistakenly released by the Warden. He was arrested on another charge and sentenced to four months' imprisonment on June 6, 1972. This sentence expired August 15, 1972. He was then held to serve the second of the one-year sentences imposed on February 17, 1971. We believe that he should be credited with the period he was at liberty, namely, August 11, 1971, to June 6, 1972, or 9 months and 26 days. As of October 19, 1972, when the writ was returnable, he had 2 months and 5 days left to serve. This calculation is based on no good behavior time for the period of the year August 11, 1971 to August 11, 1972, as none of the procedures prescribed by section 70.30 *et seq.* of the Penal Law were shown to have been complied with. As of the present time the entire sentence would have been served.

The relator was confined pursuant to a judgment of conviction for a definite, calculable period for which there was an expiration date. Having received consecutive sentences, that date was the expiration date of the aggregate of the two sentences (Penal Law, § 70.30, subd. 2, par. [b]). That date could not be extended except in the instances (such as escape) provided by statute. There is no exception to cover a mistaken release.

Research reveals no prior instance of such an occurrence in this jurisdiction. In the three discovered instances outside this State it was held that the time during which the prisoner was at large must be credited as time served (*White* v. *Pearlman,* 42 F. 2d 788; *Matter of Eley,* 9 Okla. Cr. 76; *Matter of Downey,* 471 S. W. 2d 576 [Tex.]). The reasoning behind the holdings is that the court is powerless to interrupt a sentence once service on it has begun, and the prison authorities have no greater power, either by mistake or design. The argument made here that there should be an exception where the prisoner fails to call attention to the mistake was advanced in the cases cited and, for obvious reasons, rejected.

The judgments entered November 6, 1972 and March 9, 1973 should be reversed on the law and the relator discharged from custody.

CAPOZZOLI, J. (dissenting). If the release of this relator had been brought about by an order of a State agency, such as a court

or parole authority, issued by mistake, I would agree with the majority. But this is not the situation. The relator was released because of the mistake made by his custodian, who, under no circumstances, can release a prisoner, except as is provided by law. It is true that the issue raised by the case at bar has never been passed upon by the courts of our State. Therefore, in the absence of a controlling authority, I believe, in the long run, it would be in the best interests of the community to affirm the determination below.

MARKEWICH, J. P., LANE and STEUER, JJ., concur in *Per Curiam* opinion; KUPFERMAN and CAPOZZOLI, JJ., dissent in an opinion by CAPOZZOLI, J.

Judgments, Supreme Court, Bronx County, entered on November 6, 1972 and March 9, 1973, reversed, on the law, and the relator-appellant discharged from custody.