■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT JACKSON, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered November 20, 1975, convicting him of robbery in the third degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and the facts, and indictment dismissed. The testimony adduced at the trial fell "far short of establishing that [appellant] aided, abetted or otherwise participated in the [theft]" (see *People v Ligouri*, 284 NY 309; cf. Penal Law, § 20.00). Viewed in the light most favorable to the prosecution, the evidence established nothing more than that appellant drove the codefendants to a location which was near the place where the theft was accomplished, and that he drove away from that location with the codefendants. Such evidence, being wholly circumstantial, does *not* "exclude to a moral certainty every other hypothesis except that of the accused's guilt" (see Richardson, Evidence [Prince, 10th ed], § 148, and cases cited therein). In light of the foregoing, the People's evidence was insufficient as a matter of law to support a verdict of guilty of robbery in the third degree. We have considered the other arguments raised by appellant and find them to be without merit. Hopkins, Acting P. J., Martuscello, Cohalan and Damiani, JJ., concur.