■ In the Matter of BOSSIE L. HOLLAND, Respondent, v J. EDWIN LA VALLEE, as Superintendent of the Clinton Correctional Facility, Appellant.— In a proceeding pursuant to CPLR article 78 to compel appellant to grant petitioner certain jail time credit, the appeal is from a judgment of the Supreme Court, Nassau County, entered April 12, 1978, which directed appellant to credit petitioner with jail time credit toward a sentence imposed on January 17, 1975. Judgment affirmed, without costs or disbursements. On January 17, 1975 petitioner was sentenced by the County Court, Nassau County, to an indeterminate term of imprisonment of two to four years on a conviction for burglary in the third degree. He began serving his sentence on January 24, 1975. A stay of execution of the sentence was granted on February 14, 1975, pending appeal to this court. Six days later petitioner was released from Ossining Correctional Facility on a $1,000 bond posted by the Long Island Bail Commission. The appeal was perfected and heard by this court which, on December 17, 1975, affirmed petitioner's conviction and remitted the case to the County Court "for proceedings to direct appellant to surrender himself to said court in order that execution of

the judgment be commenced or resumed (CPL 460.50, subd 5)" *(People v Holland,* 50 AD2d 849). On January 30, 1976 the County Court ordered petitioner's bail forfeited and, on February 17, 1976, issued a bench warrant. Inexplicably, the warrant directed the arrest of one "Murray McCray" and not petitioner. Petitioner thus remained at liberty. During this time, he continued to reside at his home in Hempstead and was highly visible to the police and the Nassau County District Attorney's office. However, on April 1, 1977 petitioner's attorney was notified by the District Attorney's office of the outstanding bench warrant. On April 15, 1977 petitioner surrendered himself to the County Court, Nassau County, and the bench warrant was vacated. Special Term properly ordered appellant to credit petitioner with jail time credit towards his 1975 conviction for the period that he was not in custody due to the court's failure to name him on the bench warrant. Pursuant to CPL 460.50 (subd 5), following an affirmance by an appellant court, "The criminal court *must,* upon at least two days notice to the defendant, his surety and his attorney, *promptly* direct the defendant to surrender himself to the criminal court in order that execution of the judgment be commenced or resumed, and if necessary the criminal court may issue a bench warrant to secure his appearance" (emphasis supplied). While there are no cases interpreting the meaning of this subdivision, we believe that by the use of the words "must" and "promptly", the Legislature thereby intended to place an affirmative burden on the criminal court to assure that the defendant be notified to surrender himself to commence or resume the execution of his sentence (see McKinney's Cons Laws of NY, Book 1, Statutes, §§ 171, 172). In addition, the petitioner should not be penalized by a later release date due to a mistake on the part of the court (see *People ex rel. Bilotti v Warden, N. Y. City Correctional Inst. for Men,* 42 AD2d 115; see, also, *People ex rel. Nastassi v Martin,* 267 App Div 629). This is especially so in view of the fact that at all times the authorities knew where to find petitioner, who co-operated with them on several investigations. Hopkins, J. P., Titone, Gulotta and O'Connor, JJ., concur.