■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT JACKSON, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered November 20, 1975, convicting him of robbery in the third degree, upon a jury verdict, and imposing sentence. By order dated January 31, 1977, this court reversed the judgment and dismissed the indictment *(People v Jackson,* 55 AD2d 961). By order dated June 15, 1978, the Court of Appeals reversed the aforesaid order of this court, and remitted the case to this court for a review of the facts. Judgment affirmed. The crucial question is whether the evidence sustains the jury's verdict that the defendant was guilty of being an accomplice to the robbery by reason of his knowing participation as the driver of the getaway car (see Penal Law, § 20.00). In our opinion, there was ample evidence to sustain the jury's determination that the defendant was a knowing accomplice. The evidence established that the codefendants were seen entering the defendant's vehicle; that the defendant stopped the car in the vicinity of the purse snatching; that codefendant McMillan exited the car and shortly thereafter snatched a pocketbook from the complainant; that as he was fleeing, codefendant Walker came upon the scene and fired a shot at a man who was chasing McMillan; that after the codefendants entered the car, the defendant immediately drove off and the codefendants promptly crouched down low in the back seat; that when the car was stopped by the police, the victim's wallet and a loaded gun from which one shot had been fired were found on the front seat; and that the pocketbook was found jammed under the front seat. In view of the foregoing, the jury's verdict was not against the weight of the evidence. Hopkins, J. P., Martuscello, Damiani and Cohalan, JJ., concur.