In the Matter of CLAUDE GREEN, Respondent, v EDWARD HAMMOCK, as Chairman of the New York State Division of Parole, et al., Appellants.

Third Department, October 11, 1979

---

APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General (Frederick R. Walsh* and *Shirley Adelson Siegel* of counsel), for appellants.

*Robert Selcov* for respondent.

**OPINION OF THE COURT**

HERLIHY, J.

It appears that the issue presented to Special Term is now

moot because of the petitioner's release; however, the facts are unusual and the issue is one which the parties seek to have determined on this appeal. Accordingly, we find that the appeal should not be dismissed.

The petitioner was released from prison upon the habeas corpus order of a court on September 3, 1975. The order was subsequently reversed on May 28, 1976 upon an appeal *(Matter of Greene v Smith,* 52 AD2d 292, app dsmd 40 NY2d 826). The petitioner was not reincarcerated until October 14, 1977.

The petitioner brought this proceeding when the Parole Board refused to credit, as time served, the period during which he was out of prison—September 3, 1975 to October 14, 1977. We find that Special Term correctly held that there was no interruption of the sentence being served by the petitioner during his period of freedom. CPL 430.10 provides that: "Except as otherwise specifically authorized by law, when the court has imposed a sentence of imprisonment and such sentence is in accordance with law, such sentence may not be changed, suspended or interrupted once the term or period of the sentence has commenced." The statute has been considered as intended to protect the defendant from arbitrary interruption of his time served by events over which he has no substantial control (see *People ex rel. Rainone v Murphy,* 1 NY2d 367, 372, overruled on other grounds in *People ex rel. Petite v Follette,* 24 NY2d 60).

"[T]he petitioner should not be penalized by a later release date due to a mistake on the part of the court (see *People ex rel. Bilotti v. Warden, N.Y. City Correctional Inst. for Men,* 42 AD2d 115 [app dsmd 34 NY2d 937]; see, also, *People ex rel. Nastassi v Martin,* 267 App Div 629)." *(Matter of Holland v La Vallee,* 63 AD2d 989, 990.)

It should be noted that the record does not establish that the petitioner was ever duly subjected to the decision of the Appellate Division remanding him to jail in *Matter of Greene v Smith (supra).*

The judgment should be affirmed, without costs.

SWEENEY, J. P., KANE, STALEY, JR., and MAIN, JJ., concur.

Judgment affirmed, without costs.