■ In the Matter of ROGER VAN DEUSEN, Petitioner, v WARREN E. ZITTELL, as Judge of the County Court of Columbia County, et al., Respondents. — Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to CPLR 506, subd [b], par 1) to prohibit respondents from enforcing an order vacating a temporary stay of execution of judgment and remitting petitioner to custody. After being convicted of a class E felony (two counts), a class D felony and several misdemeanors, petitioner was sentenced to six months' imprisonment in the Columbia County jail. An appeal was taken and sentence was stayed pending the appeal. Prior to the expiration of the stay, the County Court granted an extension of the stay to August 27, 1981. However, petitioner reported to the jail on August 10, 1981 to commence serving his sentence. After serving about 10 hours he became ill and was transferred to the hospital. Respondent County Judge then made an order, *sua sponte,* temporarily suspending execution of the sentence pending further order of the court. Petitioner, pursuant to CPL 440.20, moved to vacate the sentence and the court thereafter appointed a psychiatrist to examine petitioner. By order dated December 22, 1981, the court ordered petitioner recommitted to the county jail on December 28, 1981. The instant article 78 proceeding was then commenced in which petitioner contends that respondent County Judge acted in excess of his jurisdiction. The order was stayed pending the outcome of this proceeding. Initially, we would note that since no appeal lies from the order revoking the suspension of the execution of the sentence (see CPL 450.10, 450.15; *People v Gregory L.,* 28 AD2d 68) and the issue is whether the respondent Judge acted in excess of his powers, this article 78 proceeding accordingly lies (*Matter of Proskin v County Ct. of Albany County,* 30 NY2d 15, 18). Once petitioner commenced serving his sentence, the court was powerless to interrupt it unless specifically authorized by law to do so (CPL 430.10; *Matter of Green v Hammock,* 70 AD2d 226, 227; *People ex rel. Bilotti v Warden, N. Y. City Correctional Inst. for Men,* 42 AD2d 115, 116). Although it is argued that the court was authorized by CPL 460.50 (subd 1, par [a]) to suspend execution of the sentence because petitioner had taken an appeal, that section specifically requires the application of the defendant for the stay or suspension. In the present case, the order was made *sua sponte.* We have examined respondents' remaining arguments and find them unpersuasive. Petitioner was to be recommitted on December 28, 1981 when, at his request, this court granted a stay. At that time there were 45 days remaining on the sentence. Since petitioner was not confined in an institution while his sentence was running,

except for 10 hours, he is not entitled to any good behavior allowance (Correction Law, § 804, subd 1). Consequently, he must serve the remaining 45 days unless at the appropriate time the county determines that he is entitled to a good behavior allowance on his remaining sentence. Petition granted, without costs, to the extent of providing that petitioner be recommitted to the Columbia County jail for a maximum of 45 days under the recommitment order. Mahoney, P. J., Sweeney, Kane, Weiss and Levine, JJ., concur.