■ In the Matter of George Hooray, Appellant, v Janice Cummings, as Superintendent of Albion Correctional Facility, Respondent. — Judgment unanimously reversed, without costs, and petition granted. Memorandum: In a proceeding pursuant to CPLR article 78 petitioner seeks to compel respondent to grant him certain jail time credit notwithstanding the fact that during the period in question he was not incarcerated. Special Term dismissed the petition. On December 14, 1973 petitioner was sentenced to an indeterminate term of imprisonment of zero to four years upon his conviction of driving while intoxicated. He began service of this sentence at Attica Correctional Facility on December 19, 1973. On April 24, 1974 he obtained a stay of execution of the sentence pending appeal of his conviction to the Appellate Division and on the same day obtained his release by posting bail in the sum of $2,000. His conviction was affirmed in June, 1974 and leave to appeal to the Court of Appeals was denied on October 3, 1974. Following this, no direction was given to petitioner to surrender himself to resume his sentence nor was a warrant issued to secure his surrender. He continued to live and work at the same place he had prior to his conviction. In December, 1976 petitioner was again convicted for driving while intoxicated and was sentenced to a term of imprisonment of zero to four years to run consecutively with the 1973 sentence. He received credit on the 1973 sentence for the four-month period between the time of commencement of the sentence and the time he was released on bail pending appeal. Petitioner argues that he should also receive credit for the period from October 3, 1974, the date his appeal was finally denied, to December 14, 1976, the date he was incarcerated on his second conviction. CPL 460.50 (subd 5) provides that when a defendant is free on bail pending an appeal, upon affirmance of the judgment of conviction, "The criminal court *must,* upon at least two days notice to the defendant, his surety and his attorney, promptly direct the defendant to surrender himself to the criminal court in order that execution of the judgment be commenced or resumed, and if necessary the criminal court may issue a bench warrant to

secure his appearance" (emphasis supplied). The statute is clear and unambiguous and places an affirmative burden on the criminal court to assure that the defendant be notified to surrender himself to commence or resume the execution of his sentence. Contrary to respondent's argument, neither statute nor case law imposes a duty on a defendant to surrender himself once an appeal has proved unsuccessful (CPL 460.50, subd 5; *People v Healy,* 76 AD2d 868; *Matter of Holland v La Vallee,* 63 AD2d 989, 990; see, also, *Matter of Green v Hammock,* 70 AD2d 226). Respondent would have us read CPL 460.50 (subds 4, 5) together to reach a contrary result. The provisions of subdivision 4 are as clear and unambiguous as those of subdivision 5 and apply to the situation where a defendant has failed timely to perfect his appeal to the intermediate appellate court. In such a situation, "The defendant must surrender himself to the criminal court" (CPL 460.50, subd 4). Had the Legislature intended the same burden to fall upon a defendant upon the affirmance of his conviction, it would have stated as much in CPL 460.50 (subd 5). The Legislature having failed to do this, petitioner is entitled to credit for jail time from the date when his appeal was finally terminated to the date of his reincarceration on his second conviction. (Appeal from judgment of Supreme Court, Orleans County, Miles, J. — art 78.) Present — Simons, J. P., Doerr, Denman, Boomer and Moule, JJ.