(October 26, 1982)

In the Matter of CHARLES J. WILCOX, as District Attorney of Rensselaer County, Petitioner, v M. ANDREW DWYER, as Judge of the County Court of Rensselaer County, et al., Respondents. — Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to CPLR 506, subd [b], par 1) to prohibit respondents from enforcing an order authorizing the early release of certain inmates of the Rensselaer County Jail. The District Attorney of Rensselaer County brings this proceeding to prohibit the Rensselaer County Judge (Hon. M. Andrew Dwyer) from releasing certain prisoners from the Rensselaer County Jail. Their release was ordered on the application of the

Rensselaer County Sheriff after a court hearing held October 7, 1982. At the hearing, the Sheriff testified that the jail had a capacity of 82 inmates, that it then contained 84, that six persons had to be confined in the facilities of other counties, and that three anticipated prisoners and nine persons sentenced to serve time on weekends also had to be accommodated. Contending that this overcrowding was dangerous to the health and welfare of the inmates and staff personnel, and created an emergency situation, the Sheriff sought the order to release a number of prisoners who were serving short jail sentences ranging from 7 to 90 days for minor offenses on the commitment orders of various local courts of the county. The District Attorney opposed the Sheriff's application on the ground that the court lacked authority to grant the relief sought. After the hearing, the County Court granted the Sheriff's application to the extent of resentencing 12 inmates to time served, finding that the evidence at the hearing disclosed the existence of an emergency situation. Thereupon, the District Attorney commenced this proceeding and obtained a temporary stay of the order of release pending its determination. Although the last release date for any of the prisoners affected is October 22, 1982 under the original term of their sentences, we decline to consider the proceeding moot because of the possible recurrence of the situation (*Matter of Hearst Corp. v Clyne,* 50 NY2d 707; *Matter of Green v Hammock,* 70 AD2d 226), and, accordingly, we will consider the merits. We note that although the County Court is the appellate court for appeals from local courts, no appeal has been taken by any of the prisoners scheduled for release and they were not parties to the Sheriff's application; nor has any habeas corpus proceeding been brought alleging a deprivation of their constitutional rights. The issue here distills, therefore, to whether the County Judge, on the application of the county Sheriff, has the authority to order the early release of inmates incarcerated in the county jail in order to alleviate a claimed crowded condition at the jail. We hold it does not. CPL 430.10 provides that "[e]xcept as otherwise specifically authorized by law, when the court has imposed a sentence of imprisonment and such sentence is in accordance with law, *such sentence may not be changed, suspended or interrupted once the term or period of the sentence has commenced"* (emphasis added). Recognizing that this statute and the authorities interpreting it (*Matter of Van Deusen v Zittell,* 88 AD2d 736; *Matter of Green v Hammock,* 70 AD2d 226, *supra*) forbid the interruption of a valid sentence once commenced, respondents rely on a claim of the court's inherent common-law authority to alleviate an emergency situation. However, the County Court does not possess such power to deal with general emergency jail situations, for it does not have the general original jurisdiction in law and equity granted to the Supreme Court by section 7 of article VI of the New York State Constitution (see NY Const, art VI, § 11). Furthermore, respondents' claim of inherent common-law authority in these circumstances is entirely unprecedented. Although prison overcrowding is a serious and pressing problem in almost all institutions and facilities for the confinement of prisoners, the problem cannot be solved in the manner employed by the County Judge in the circumstances herein. Accordingly, the petition is granted and respondents are prohibited from releasing any prisoners prior to the expiration of their sentences. Petition granted, without costs, and respondents are prohibited from releasing any prisoners prior to the expiration of their sentences. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.