■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ROBERT JACKSON, Respondent, v STEPHEN DALSHEIM, as Superintendent of Downstate Correctional Facility, Appellant. — Appeal from a judgment of the Supreme Court at Special Term (Shea, J.), entered March 17, 1982 in Clinton County, which sustained a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, and discharged petitioner. Convicted in Queens County Court of robbery in the third degree, petitioner was given an indeterminate sentence of imprisonment of one to seven years on November 20, 1975. He served his sentence until February 11, 1977 when he was released on the basis of an Appellate Division, Second Department, decision which reversed his conviction due to a lack of sufficient evidence and dismissed the indictment (*People v Jackson,* 55 AD2d 961, mod 62 AD2d 1186). On appeal by the People, the Court of Appeals reversed the Appellate Division's order on June 15, 1978 and remitted the case to the Second Department for a review of the facts (*People v Jackson,* 44 NY2d 935). This remittal resulted in a July 24, 1978 decision wherein the Appellate Division upheld petitioner's conviction (*People v Jackson,* 64 AD2d 673). Petitioner, who had been out of jail since the time of the Second Department's initial decision, was arrested on an unrelated drug charge on July 21, 1981. It was at that time that a bench warrant issued following the decision of the Court of Appeals was served on petitioner. He remained in the local jail until the unrelated charge was adjourned in contemplation of dismissal and petitioner was returned to the custody of the Department of Correctional Services on November 10, 1981. His expected release dates were then recalculated with his maximum expiration date being changed from November 16, 1981 to April 10, 1986. This change resulted from the department's decision not to credit petitioner for any of the period between February 11, 1977 and July 21, 1981 when he was not in jail. Arguing that he should be credited for the entire period when he was free from jail and noting that his originally calculated maximum release date had already passed, petitioner sought release from prison by way of a habeas corpus proceeding. Special Term, finding this case indistinguishable from *Matter of Green v Hammock* (70 AD2d 226), ruled that

petitioner was entitled to credit for the time spent out of jail and ordered that he be immediately released from prison. This appeal by respondent ensued. As we have decided in *Matter of Licitra v Coughlin* (93 AD2d 349), petitioner's release from prison following reversal of his conviction and dismissal of the indictment by the Appellate Division was not an invalid interruption of his sentence under CPL 430.10 since it was "otherwise specifically authorized by law". Although petitioner's sentence was validly interrupted upon his release from prison on February 11, 1977, that interruption continued only until entry of the Court of Appeals order on June 15, 1978 (*Matter of Licitra v Coughlin, supra*). At that point, the State had an affirmative duty to notify petitioner to surrender himself and his sentence resumed running until such time as the State exercised due diligence under the circumstances in attempting to return him to custody (*id.*). There is absolutely nothing in the record indicating that any attempts were made by the State to return petitioner to custody prior to his July 21, 1981 arrest on an unrelated charge. [*] Accordingly, Special Term's judgment sustaining the writ of habeas corpus and discharging petitioner from prison should be reversed. Petitioner is, however, entitled to a recalculation of his prison release dates at which time he should be credited for that portion of the period he was out of jail between June 15, 1978 and July 21, 1981. Judgment reversed, on the law, and writ of habeas corpus dismissed, without costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.

---

[*] At the hearing conducted upon return of the habeas corpus writ, Special Term granted the request of respondent's counsel that he be given 10 days to submit an affidavit showing what efforts were made to notify petitioner of the reinstatement of his conviction and to execute the bench warrant which was issued against petitioner. At the time when Special Term issued its decision, 18 days had elapsed since the hearing and no affidavit had been submitted.