OPINION OF THE COURT
Dan Lamont, J.
The defendant on May 16, 1985, was convicted after trial by jury of operating a motor vehicle with more than .10 of 1% alcohol in his blood in violation of Vehicle and Traffic Law § 1192 (2), (5), a felony. On June 19, 1985, the defendant was sentenced to serve six months in the Schoharie County Jail and was placed on probation for five years.
*1080 On June 20, 1985, pursuant to the provisions of CPL 460.50, a Justice of the Appellate Division of the Supreme Court granted a stay suspending the execution of the judgment pending the determination of an appeal and released the defendant on $1,000 cash bail. The order granting the stay provides in part as follows: "Ordered that if within 120 days after the issuance and entry of this Order the appeal has not been brought to argument in, or submitted to the Appellate Division Third Judicial Department, the stay of execution of judgment and admission to bail * * * provisions of this Order shall terminate. The defendant in that event is hereby directed to surrender himself to the County Court, Schoharie County, for resumption of execution of the judgment.”
The appeal was never perfected, brought to argument in, or submitted to the Appellate Division, Third Department, and the stay order expired on or about October 18, 1985. The defendant now challenges his imminent reincarceration to serve his sentence and argues that his sentence automatically commenced at the expiration of the 120-day stay and has since expired.
The defendant’s rather ingenious reasoning is based upon CPL 460.50 (5) which provides that following an affirmance by an appellate court, "The criminal court must, upon at least two days notice to the defendant, his surety and his attorney, promptly direct the defendant to surrender himself to the criminal court in order that execution of the judgment be commenced or resumed, and if necessary the criminal court may issue a bench warrant to secure his appearance.” (Emphasis supplied.) Subdivision (5) has been held to place an affirmative burden upon the criminal court to assure that the defendant be notified to surrender himself to commence or resume the execution of his sentence. (Matter of Holland v La Vallee, 63 AD2d 989 [2d Dept 1978]; cf. People ex rel. Jackson v Dalsheim, 94 AD2d 834 [3d Dept 1983], appeal dismissed 61 NY2d 1024 [1984]; Matter of Licitra v Coughlin, 93 AD2d 349 [3d Dept 1983].)
Defendant’s reliance upon CPL 460.50 (5) is completely misplaced, even by way of analogy. CPL 460.50 (4) "contains an automatic prodder for appeals in which a stay and release order is in effect. Such orders expire and there must be a surrender unless the appeal is perfected within 120 days of the stay order”. (Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11A, CPL 460.50.) Any extensions for a defendant who does not perfect his appeal within the 120- *1081 day period must be obtained from the full intermediate appellate court upon motion by the defendant.
Should a defendant fail to bring the appeal to argument or submit such appeal to the Appellate Division or fail to apply to the Appellate Division to extend the stay, he has an affirmative obligation to surrender himself upon the expiration of the 120 days. (CPL 460.50 [4].)
In the event the defendant’s appeal is not submitted or brought to argument, the stay order contains a self-destruct mechanism, which places an affirmative duty upon the defendant (not upon the criminal court, as in subd [5]) to surrender himself to resume execution of his sentence. This court holds and determines that should a defendant fail to comply with such condition of his stay, the time which elapses beyond the expiration of his stay is not credited to his sentence. (See, Glucksman v Birns, 398 F Supp 1343 [1975].)
Accordingly, the defendant is remanded to the custody of the Schoharie County Sheriff, and committed to the Schoharie County Jail, there to be dealt with in accordance with the laws pertaining to his sentence.