OPINION OF THE COURT
Joseph K. West, J.
This is a CPLR article 78 proceeding which was referred to *982 this court by way of the July 22, 1987 order of the Honorable Joseph F. Gagliardi, J.S.C., Administrative Judge of the Ninth Judicial District. The petitioner is an inmate serving an indeterminate term of imprisonment and presently confined at Groveland Correctional Facility in Sonyea, New York. The instant article 78 is brought in the nature of a writ of mandamus to direct the respondents to credit the petitioner with 301 days of jail time for the periods of May 18 to May 20, 1983 and March 10, 1986 to January 2, 1987 and, in addition, to direct that the respondents recompute the petitioner’s sentence time to reflect the 301 additional days of jail time credit.
The petitioner was arrested on the night of May 19, 1983 in Suffern, New York, for attempted criminal sale of a controlled substance in the third degree. This arrest was made by officers of the Ramapo Police Department. The petitioner was interrogated at the headquarters of the Ramapo Police Department and, thereafter, transported to the Rockland County Jail. He was confined at the county jail until May 20, 1983 when the petitioner’s father posted a $1,000 cash bail and petitioner was released. After a jury trial, petitioner was found guilty of two counts of grand larceny in the third degree. On March 7, 1984, the petitioner was sentenced by Rockland County Court (Miller, J.) on these convictions to two indeterminate terms of imprisonment of 2 to 4 years to run concurrently under indictment No.. 151/83. The petitioner was not taken into custody at the time of sentencing. On March 23, 1984, the Honorable Robert J. Stolarik, J.S.C., granted the petitioner’s motion for a stay pending appeal pursuant to CPL 460.50. The court indicated that it felt that there was a "reasonable possibility of reversal” on appeal. This decision and order was entered on March 27, 1984. On February 26, 1985, the Appellate Division, Second Department, extended the stay and adjourned the appeal to the September 1985 Term. By further stipulation dated July 25, 1985, the appeal was adjourned to the October 1985 Term. Finally, on March 10, 1986, the Appellate Division entered an order affirming the petitioner’s conviction and remitted the case to County Court, Rockland County, for further proceedings pursuant to CPL 460.50 (5) (118 AD2d 657). This order on appeal was entered on March 10, 1986 in the Appellate Division, Second Department. However, this order was not entered in the Rockland County Clerk’s office until April 1, 1986. On that same date, April 1, *983 1986, the Court of Appeals denied the petitioner’s application for leave to appeal (67 NY2d 944).
Following an affirmance by the appellate court, "The criminal court must, upon at least two days notice to the defendant, his surety and his attorney, promptly direct the defendant to surrender himself to the criminal court in order that execution of the judgment be commenced or resumed, and if necessary the criminal court may issue a bench warrant to secure his appearance.” (CPL 460.50 [5].) It was not until December 9, 1986 that the Rockland County Clerk’s office wrote to the defendant indicating that he should surrender himself and appear for execution of sentence on January 2, 1987. The petitioner obeyed this written letter and appeared in court as directed on January 2, 1987. At that time, he was remanded to Rockland County Jail where he remained until he was transferred to the custody of the Department of Correctional Services on January 12, 1987. It is acknowledged by all parties that between March 10, 1986 and January 1, 1987 the petitioner was neither in jail nor in the custody of the Department of Correctional Services. In addition, between March 10, 1986 and December 9, 1986 the petitioner was never directed to surrender for execution of sentence. There is nothing to indicate why the petitioner could not have been contacted at his mailing address or by way of the office of his attorney at the Rockland County Defender’s office. The petitioner indicates that the respondents have refused to credit the petitioner for additional jail time that he believes he is rightfully owed despite CPL 460.50 (5) and Matter of Hooray v Cummings (89 AD2d 790) and Matter of Holland v La Vallee (63 AD2d 989).
In his answer to the instant article 78 proceeding, the respondent Elijah Coleman has credited the petitioner for the period from May 18, 1983 to May 21, 1983 and from March 7, 1984 to March 9, 1984 for a total of seven additional days of jail time credit. Thus, the requested relief for jail time credit for the period of May 18, 1983 to May 20, 1983 has been rendered moot by this candid concession on the part of the respondent Coleman. This court will now go on to decide the status for the time period from March 10, 1986 to January 1, 1987, a total of 298 days. The applicable law is contained in Correction Law § 600-a. This section reads:
"Jail time records and certificates
"A record shall be kept by the sheriff, or in counties within *984 the city of New York by the commissioner of correction of such city, of all jail time to which the defendant is entitled under subdivision three of section 70.30 of the penal law. In any case where the sheriff or the commissioner of correction of the city of New York has a duty of delivering a defendant to an institution not under his jurisdiction pursuant to sentence and commitment, such person shall deliver a certified transcript of such record to the person to whom the defendant is to be delivered.”
In addition, Penal Law § 70.30 (3) also pertains to the calculation and crediting of jail time for an inmate.
The respondents Coughlin and Barkley have argued that their behavior was not arbitrary and capricious inasmuch as they maintain that the State Department of Correctional Services is bound by the jail time certified by the local Commission of Correction and that it can neither add nor subtract from the time certified by the locality (see, People ex rel. Jackson v Weaver, 279 App Div 88; People ex rel. Coates v Martin, 8 AD2d 688; People ex rel. Hand v Prison Bd., 191 App Div 127). To the extent that the respondents’ argument is that they did not act arbitrarily or capriciously, this court agrees with their argument. However, this court declines to grant their request for the dismissal of this article 78 proceeding with respect to these two corespondents, inasmuch as they will be necessary parties for the ultimate implementation of the order and judgment of this court. The respondent Coleman has been quite candid in his answer to the instant article 78 proceeding. The position taken by this respondent that he is without the power or authority to give credit for time the petitioner was not in his custody or indeed in any custody at all pursuant to Penal Law § 70.30 (3) has some merit. While this court is of the opinion that it is the local Commission of Correction which must bear the obligation of crediting inmates with their proper jail time, in this case, it is understandable that the respondent Coleman would not put himself in the position of making a judicial decision inasmuch as the allocation or crediting of this 298-day period calls for a determination of law which is beyond the province of the Superintendent of the Rockland County Jail. Accordingly, this court finds that with respect to all three corespondents, their actions were not arbitrary or capricious.
However, this is not to say that the petitioner should not get credit for the 298-day period from March 10, 1986 to January 2, 1987. There is no question that this is an applica *985 tion which involves CPL 460.50 (5) as opposed to (4) and that being the case, the obligation is not on the defendant but on the local criminal court which must "promptly direct the defendant to surrender himself to the criminal court in order that execution of the judgment be commenced or resumed”. (CPL 460.50 [5].) In the instant case, there has been no excuse for this inordinate delay in notifying the petitioner to surrender for the execution of sentence. This court finds, as a matter of law, that the Appellate Division by extending the time for the appeal of the petitioner’s action took this matter out of CPL 460.50 (4) which would have required the defendant to have surrendered himself after 120 days after the judgment of conviction and placed it clearly in CPL 460.50 (5) which alleviates the defendant of any burden to surrender himself and places the burden on the local criminal court which must, on at least two days’ notice to the defendant, promptly direct him to surrender himself for the execution of judgment. It is equally clear to this court from the decisions made in Matter of Hooray v Cummings (supra) and Holland v La Vallee (supra) that the petitioner is entitled to jail time credit for the period from the date his conviction was confirmed to the date of surrender for the execution of sentence. However, this court disagrees with the petitioner’s argument concerning when the period of good jail time should commence. It is the petitioner’s contention that the jail time should be credited from March 10, 1986, the date upon which the Appellate Division made its decision and the date upon which the decision was entered in the Appellate Division. Inasmuch as this decision was not entered in the Rockland County Clerk’s office until April 1, 1986, this court is of the opinion that April 1st should be the date upon which the County of Rockland was on notice to promptly notify the defendant to surrender himself. Ironically enough, this same date, April 1, 1986, was also the date on which the Court of Appeals denied the petitioner’s application for leave to appeal. Thus, this court’s argument for commencing the period of good time from April 1st is confirmed by the fact that this was the exhaustion of the appellate process by the petitioner. Accordingly, this court determines the period from April 1, 1986 up to and including January 1, 1987 should be credited to the petitioner’s jail time pursuant to Penal Law § 70.30 (3). This totals an award of 276 days which should be credited towards the defendant’s jail time and the respondent Elijah Coleman is directed to so credit this petitioner’s records. In addition, the corespondents Coughlin and Barkley *986 are directed upon receipt of these new indications regarding the defendant’s credited jail time which will indicate credit for the time of April 1, 1986 up to and including January 1, 1987 as well as the period of May 18, 1983 to May 21, 1983 and March 7, 1984 to March 9, 1984, for a grand total of 283 days which should be credited to the petitioner. For all of the foregoing reasons, the petitioner’s article 78 proceeding seeking a writ of mandamus is granted to the extent that this court directs that the petitioner be given credit for the time periods May 18, 1983 to May 21, 1983; March 7, 1984 to March 9, 1984; and April 1, 1986 to January 1, 1987, a total of 283 days. This court further directs that the respondent Elijah Coleman shall enter these credits in the petitioner’s records which shall then be forwarded to the Department of Correctional Services. Upon receipt of these amended records, the corespondents Coughlin and Barkley are directed to apply this same credit time toward the petitioner’s jail sentence.