■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. DONALD McCOY, Also Known as DONALD SMALLS, Respondent, v THOMAS HIGGINS, as Sheriff of Erie County, et al., Appellants. —Judgment unanimously reversed on the law, petition dismissed, and indictment and judgment of conviction reinstated. Memorandum: Relator was convicted, sentenced, then released on bail pursuant to a stay of execution of judgment granted by the trial court in 1983. The 120-day stay expired and was not extended before relator's appeal was perfected, but relator failed to surrender to the authorities pursuant to CPL 460.50 (4). Relator's conviction was ultimately affirmed on appeal, but relator was not located to begin serving his sentence until May 1990. Relator sought a writ of habeas corpus. Citing *People v Drake* (61 NY2d 359), the court dismissed the indictment and held that unnecessary delay in executing the bench warrant deprived the court of jurisdiction over the indictment. We reverse.

*People v Drake (supra)* does not apply in this context because relator had been timely sentenced. Here, pursuant to CPL 460.50 (4), relator bore the burden of surrendering himself after the 120-day stay expired before his appeal was perfected *(see, Matter of Hooray v Cummings,* 89 AD2d 790, 791). Because relator failed to comply with the statute, he is

not entitled to jailtime credit for the time which elapsed following the expiration of the stay *(see, People v Clapper,* 131 Misc 2d 1079).

CPL 460.50 (5), which places the burden upon the criminal court to notify a defendant who is free as a result of a stay of execution of judgment that his conviction has been affirmed, does not apply here because, at the time relator's conviction was affirmed, he was no longer at liberty as a result of a stay of execution of judgment. The stay had expired by operation of law and relator was a fugitive. (Appeal from Judgment of Supreme Court, Erie County, Fallon, J.—Habeas Corpus.) Present—Doerr, J. P., Boomer, Pine, Lawton and Davis, JJ.