■ In the Matter of ROOSEVELT C. BENTLEY, Appellant, v JOSEPH A. DEMSKIE, as Superintendent of Woodbourne Correctional Facility, et al., Respondents. [673 NYS2d 226] —Appeals from two judgments of the Supreme Court (La Buda, J.), entered April 18, 1997 in Sullivan County, which (1) dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, for, *inter alia*, an order compelling respondents to recompute petitioner's jail-time credits, and (2) dismissed petitioner's motion for a default judgment and for summary judgment as moot.

We reject the contention of petitioner, a prison inmate, asserting that he is entitled to receive credit for 1,900 days of jail time served in Federal prison against the sentence he is currently serving in this State. Petitioner would be entitled to such credit only if his Federal incarceration was *solely* the result of detainers issued by this State (*see*, Penal Law § 70.30 [3]; *see also*, *Matter of Peterson v New York State Dept. of Correctional Servs.*, 100 AD2d 73, 74). The record discloses, however, that petitioner's Federal incarceration was occasioned by his conviction of Federal charges that were unrelated to the crimes of which he was convicted and for which he is currently incarcerated in this State. Therefore, we conclude that the computation of petitioner's jail-time credits, which excludes credit for time served by him in Federal facilities, is accurate.

We further conclude that petitioner's request for a transcript of his August 26, 1986 resentencing was properly denied. It appears that no such transcription exists inasmuch as the court on that date merely executed the original sentence imposed upon defendant on October 29, 1982. In any event, petitioner

has not yet exhausted his administrative remedies, having failed to file a request under the Freedom of Information Law (Public Officers Law art 6).

Defendant's remaining contentions have been examined and found to be without merit.

Cardona, P. J., Mikoll, Crew III, White and Yesawich Jr., JJ., concur. Ordered that the judgments are affirmed, without costs.