■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. LLOYD N.X. JONES, Appellant, v LEONARD PORTUONDO, as Superintendent of Shawangunk Correctional Facility, Respondent. [702 NYS2d 227] —Spain, J. Appeal from a judgment of the Supreme Court (Torraca, J.), entered July 13, 1998 in Ulster County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 70, without a hearing.

On May 10, 1972, upon resentencing, petitioner was sentenced in the United States District Court for the Eastern District of Louisiana to a 20-year term of imprisonment for a 1971 conviction for armed bank robbery (see, United States v Jones, 475 F2d 723, cert denied 414 US 841). In February 1977, petitioner was paroled from Federal custody. In September 1978, petitioner was arrested and indicted in New York County on charges arising out of an incident which occurred while he was on Federal parole and, in October 1978, a Federal parole violation warrant—arising out of those charges—was lodged against petitioner, who remained in State custody. In early 1980, petitioner was convicted in Supreme Court, New York County and sentenced to an aggregate term of imprisonment of 15 years to life to be served consecutively to the Federal sentence. While the State sentencing court directed that petitioner "serve his state prison sentence first", on March 18, 1980, the day after his State sentencing, petitioner was transferred by the New York City Department of Corrections (hereinafter NYCDOC) to Federal custody pursuant to the parole violation warrant. On June 30, 1988 petitioner—apparently upon the completion of his Federal sentence—was transferred from Federal custody back to NYCDOC which, in August 1988, transferred him to the Department of Correctional Services (hereinafter DOCS). Thereafter, he was credited with 579 days of jail time due to the delay before his 1980 State sentencing and for the 1988 delay in his transfer from NYCDOC to DOCS.

Petitioner commenced this proceeding for a writ of habeas corpus claiming that respondent improperly transferred him to Federal custody in 1980 and, thus, the 1980 to 1988 period of

Federal incarceration must be credited against the State sentence. Supreme Court dismissed this petition and we affirm. Clearly, the sentencing court's direction that petitioner's State sentence be served first was not consistent with the court's direction that petitioner's State time be served consecutively to the Federal sentence. In our view, the sentencing court's imposition of a State sentence to be served consecutively was controlling, not the court's direction that State time be served first.

Further, because petitioner's 1980 to 1988 period of incarceration in Federal prison—based on a previously imposed sentence—was part of his undischarged 1972 sentence, petitioner was not entitled to credit that time against his State sentence (see, Penal Law § 70.30 [3]; *People ex rel. Dabbs v Kuhlmann*, 257 AD2d 817; *Matter of Bentley v Demskie*, 250 AD2d 886, *appeal dismissed and lv denied* 92 NY2d 884, *cert denied* 525 US 1044). Contrary to petitioner's assertion, his indeterminate State term did not commence until he was received in an institution under the jurisdiction of DOCS (see, Penal Law § 70.30 [1]) and he was not received by a DOCS institution until August 1, 1988. Accordingly, we perceive no basis to disturb respondent's calculation of petitioner's New York term of imprisonment since it is consistent with statutory requirements.

Cardona, P. J., Mercure, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed, without costs.