■ In the Matter of JOSE TORRES, Appellant, v FLOYD BENNETT, as Superintendent of Elmira Correctional Facility, et al., Respondents. [707 NYS2d 264] —Crew III, J. Appeal from a judgment of the Supreme Court (Castellino, J.), entered April 2, 1999 in Chemung County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Correctional Services computing petitioner's prison sentence.

In February 1996 petitioner, a prison inmate, was sentenced by the United States District Court for the Southern District of New York to 216 months (18 years) in prison following

petitioner's plea of guilty to a three-count indictment. Petitioner thereafter was transferred to the New York City Department of Corrections (hereinafter NYCDOC) and, in April 1996, was sentenced to indeterminate terms of imprisonment of 7½ to 15 years and 2½ to 5 years upon convictions of robbery in the first degree and criminal possession of a weapon in the third degree, respectively. These State sentences were to run concurrently with each other and with the previously imposed Federal sentence.

When petitioner began serving his State sentences in May 1996, he was issued a certificate by NYCDOC crediting him with 44 days of jail time served. Petitioner, believing that his jail time credit had been inaccurately computed, sought relief from the inmate records coordinator at the facility at which he was incarcerated. Petitioner's efforts in this regard proved unsuccessful, prompting him to commence this proceeding pursuant to CPLR article 78 seeking to be granted additional jail time credit against the sentences to be served in this State and, further, a transfer to Federal custody. Respondents' subsequent motion to dismiss the petition based upon, *inter alia*, failure to state a cause of action was granted. This appeal by petitioner ensued.

We affirm. Initially, to the extent that petitioner asserts that he is entitled to additional jail time credit for the amount of time he was held in detention by NYCDOC prior to the imposition of his State sentences, we need note only that respondents are bound by the jail time certified by NYCDOC and cannot add or subtract therefrom (*see, People ex rel. Coates v Martin*, 8 AD2d 688; *Matter of Jarrett v Coughlin*, 136 Misc 2d 981, 984). Equally unpersuasive is petitioner's contention that any jail time served or credited against his Federal sentence should be applied to his State sentences as well. "Petitioner would be entitled to such credit only if his Federal incarceration was *solely* the result of detainers issued by this State" (*Matter of Bentley v Demskie*, 250 AD2d 886, *appeal dismissed, lv dismissed and denied* 92 NY2d 884, *cert denied* 525 US 1044 [emphasis in original]). As Supreme Court correctly noted, petitioner neither alleged nor demonstrated that such was the case here.

As a final matter, we reject petitioner's assertion that he is entitled to a transfer to Federal custody. Petitioner has no right to select the correctional facility at which he will be incarcerated (*see, Matter of Partee v Bennett*, 253 AD2d 950). Additionally, once petitioner was committed to the State Department of Correctional Services, such department had a

duty to retain jurisdiction over petitioner until the completion of his State sentences (*see, People ex rel. McLeod v New York State Div. of Parole*, 193 AD2d 942, 943-944, *lv denied* 82 NY2d 655). Petitioner's remaining arguments on these points have been examined and found to be lacking in merit.

Mercure, J. P., Spain, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed, without costs.