■ In the Matter of Jose Oquendo, Appellant, v Pedro Quinones, as Superintendent of Mt. McGregor Correctional Facility, et al., Respondents. [738 NYS2d 398] —Peters, J. Appeal from a judgment of the Supreme Court (Teresi, J.), entered May 31, 2001 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to compel respondents to recompute petitioner's prison sentence.

While petitioner was serving a 90-day sentence in jail, a federal detainer was filed on December 15, 1999 and two days later a detainer was filed on pending state charges. When the definite sentence expired on December 19, 1999, petitioner remained in jail for two days as a result of the warrants until he was taken into federal custody. On August 28, 2000, he was convicted of forgery in the second degree in County Court of Montgomery County and sentenced as a second felony offender to a prison term of 2 to 4 years. The court recommended that, if permitted by law, the sentence should run concurrently with any sentence to be imposed on the federal charges and that petitioner should be credited with time served. On October 20, 2000, petitioner was convicted on the pending federal charges and sentenced to one year and one day, with the recommendation that the sentence be served in the Federal Correctional Facility at Ray Brook, Essex County. He was received by the Department of Correctional Services on November 20, 2000.*

Petitioner commenced this CPLR article 78 proceeding to obtain credit against the 2 to 4-year prison term for the time he spent in custody from the December 15, 1999 filing of the federal detainer until his receipt by the Department. After discovering and correcting certain errors in the calculation of petitioner's sentence, which did not give petitioner all of the relief he was seeking, respondents moved to dismiss the petition for failure to state a cause of action, failure to join necessary parties and a defense based on documentary evidence. Supreme Court granted the motion. Petitioner appeals.

To the extent that petitioner's claim is based on the theory that he is entitled to credit for time spent in federal custody because County Court directed that, if permitted by law, his state sentence should run concurrently with the federal

---

* The record does not establish the specific facility or facilities in which petitioner was actually confined during the period from December 21, 1999 to November 20, 2000.

sentence, the statute which authorizes a sentencing court to direct that a sentence run concurrently with the sentence imposed in another jurisdiction applies only with respect to the undischarged term of a sentence "imposed at a previous time by a court of another jurisdiction" (Penal Law § 70.25 [4]). Accordingly, the law did not permit the sentence imposed by County Court to run concurrently with a subsequently imposed federal sentence. In these circumstances, petitioner is entitled to credit against his state sentence for time spent in federal custody if his inability to obtain release from confinement was solely the result of the state detainer (*see, Matter of Torres v Bennett,* 271 AD2d 830). His failure to allege in the petition or demonstrate in the record that such was the case required dismissal of his claim on this theory (*see, id.*).

To the extent that petitioner claims that his state sentence was interrupted in violation of CPL 430.10 when he was returned to federal custody after County Court imposed the sentence in August 2000, the sentence did not commence until he was received by the Department three months later (*see,* Penal Law § 70.30 [1]) and, therefore, it was not interrupted. Finally, to the extent that petitioner's claim is based upon the theory that, following the imposition of sentence in August 2000, he should have been "forthwith * * * committed to the custody of the [Department]" (CPL 430.20 [1]), the duty to deliver petitioner to the proper institution rested with the sheriff (*see,* CPL 430.30). Respondents' corresponding duty was to accept him without delay (*see, Matter of Ayers v Coughlin,* 72 NY2d 346, 350). There is no claim that respondents refused to accept petitioner prior to November 20, 2000 and, therefore, petitioner's failure to join the local official responsible for delivering him to the Department warranted dismissal of this final aspect of his claim (*see, Matter of Bernier v New York State Dept. of Correctional Servs.,* 274 AD2d 717). Accordingly, Supreme Court's judgment dismissing the petition is affirmed.

Cardona, P.J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.