■ In the Matter of DONALD P. GUIDO, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [749 NYS2d 915] —Rose, J. Appeal from a judgment of the Supreme Court (McNamara, J.), entered March 8, 2001 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Correctional Services denying petitioner's application for credit for jail time served in another state.

Petitioner was convicted in 1991 of the crimes of rape in the first and second degrees and sentenced to concurrent prison terms of 12½ to 25 years and 3½ to 7 years, respectively. When he entered a state correctional facility on March 5, 1991 following his conviction, he was credited with 316 days of jail time, representing the time period from April 23, 1990 to March 4, 1991, which he spent in the Herkimer County jail after his extradition from Florida.

Previously, on March 9, 1989, petitioner had been jailed in Florida on a charge of sexual battery filed against him in Pinellas County, Florida, as well as on warrants for his arrest arising out of similar charges filed against him in Sarasota County, Florida, and the rape charges filed against him in New York. Defendant was acquitted of the Pinellas County charge on March 13, 1990. The additional criminal charges pending

against him in Sarasota County were dismissed on April 22, 1990 and, on April 23, 1990, he was extradited to New York.

Petitioner has commenced this CPLR article 78 proceeding contending that he should be credited with the 411 days that he served in Florida jails before his extradition to New York. Supreme Court dismissed the petition, giving rise to this appeal. We affirm. Petitioner would only be entitled to credit for jail time served in another state if the charges pending against him in New York had been the sole reason for his detention in Florida (*see Matter of Birden v Department of Correctional Servs.*, 134 AD2d 843, 844; *see also Matter of Oquendo v Quinones*, 291 AD2d 593, 594; *Matter of Torres v Bennett*, 271 AD2d 830, 831). In this matter, however, petitioner's incarceration in Florida was occasioned not only by the rape charges that had been filed against him in New York, but also by the criminal charges pending against him in two counties in Florida.

Petitioner's contention that his constitutional rights were violated by his financial inability to secure his release from jail in Florida by paying his bail is made for the first time on this appeal and, accordingly, has not been preserved for our review (*see Matter of Lombardo v Ford Motor Co.*, 289 AD2d 735, 736). Were we to review this contention, we would find it to be unsupported by the record, which contains no evidence of petitioner's indigence. The remaining contentions raised herein have been examined and found to be without merit.

Cardona, P.J., Mercure, Peters and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.