■ In the Matter of DARCEL D. CLARK, Petitioner, v GEORGE R. VILLEGAS et al., Respondents. [61 NYS3d 1]—

Petition pursuant to CPLR article 78 to prohibit the enforcement of an order, Supreme Court, Bronx County (George R. Villegas, J.), entered on or about April 10, 2017, which ordered respondent New York State Department of Corrections and Community Supervision (DOCCS) to credit respondent Dewayne Robinson with 1,282 days of jail time, unanimously granted, without costs. Respondents are prohibited from enforcing the order.

Petitioner seeks to prohibit respondents from enforcing an order directing DOCCS to credit respondent Robinson with jail time that he never actually served. Justice George R. Villegas has elected, pursuant to CPLR 7804 (i), not to appear in this proceeding. We conclude that this article 78 proceeding is the proper procedural vehicle for the relief sought (*see Matter of Pirro v Angiolillo*, 89 NY2d 351, 355 [1996]; *Matter of Holtzman*

*v Goldman*, 71 NY2d 564, 569 [1988]), and we agree with petitioner that Justice Villegas acted in excess of his authorized powers by granting Robinson's motion to reargue his motion for jail time credit on the ground of noncompliance with CPL 460.50 (5) and directing DOCCS to credit Robinson with the time. We also find that petitioner has a substantial interest in the outcome of Robinson's prosecution, and a right to pursue relief by writ of prohibition where, as here, the conviction and sentence resulted from a trial by jury rather than pursuant to a plea bargain (*see Pirro v Angiolillo*, 89 NY2d at 360). A court would be authorized to entertain Robinson's request for jail time credit for noncompliance with CPL 460.50 (5) only if Robinson commenced an article 78 proceeding to compel DOCCS to grant the credit (*see e.g. Matter of Hooray v Cummings*, 89 AD2d 790 [4th Dept 1982]; *Matter of Holland v La Vallee*, 63 AD2d 989 [2d Dept 1978], *lv denied* 45 NY2d 710 [1978]). Accordingly, we do not here reach the underlying merits.

In the absence of an available remedy at law (*see* CPL 450.20), and upon a finding that substantial harm implicating the public interest would result if the order were not overturned, we grant the writ of prohibition. Concur—Friedman, J.P., Gische, Kapnick, Kahn and Gesmer, JJ.